In the Matter of the Claim of JULIA R. GWYN, Respondent, against BROOKLYN PUBLIC LIBRARY, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Claimant was a librarian employed in the Brooklyn Public Library, part of the library system of the city of New York. The city was conducting the bicentennial celebration in honor of the birth of George Washington. The United Staff Association was an organization which comprised all of the employees of the New York city public libraries. While this association was not a part of the library, it was organized with the consent and conducted with the approval of the library, and was an advantage to the work of the library. The claimant was a member of the committee of this association and it was a part of her duty to sell " roll calls " or tickets to secure money to defray the expense of the celebration being conducted by the city. This work she was at liberty to carry on during working hours or after working hours, as she chose. While on her way to a meeting of the celebration committee, and to turn in moneys she had collected for tickets, she was injured. The Industrial Board has found that the claimant was engaged in the regular course of her employment and was working for her employer at the time of the injury, but relieved the carrier, the State Insurance Fund, from liability. The State Insurance Fund contested the claim before the referee on the ground that this was not an industrial accident; the Board has found that it was. And it was error to relieve the carrier. The State Insurance Fund did not raise the question of coverage, and the policy is not in the record. Award reversed and matter remitted, with costs against the State Industrial Board. Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ., concur.

In the Matter of the Claim of LAWRENCE S. COOK, Respondent, against INTERNATIONAL PAPER COMPANY, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Claimant, in the course of his employment, was operating an elevator; the fuse blew out causing the elevator to become stalled between two floors, by reason of which claimant was confined in the elevator an hour and a half during which time he was subjected to a lower temperature than that of the factory, as result of which a dormant pre-existing tuberculosis was lighted up. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.