In the Matter of ELIZABETH V. B. SLATTERY, Respondent, against THE BOARD OF ESTIMATE AND APPORTIONMENT OF THE CITY OF NEW YORK, Appellant.

(Argued April 27, 1936; decided July 8, 1936.)

*Paul Windels,* Corporation Counsel (*Seymour B. Quel, Paxton Blair* and *Henry J. Shields* of counsel), for appellant.

*Franklin Nevius, John F. Collins, Asa B. Kellogg* and *Robert B. Jarvis* for respondent.

CROUCH, J. The petitioner's husband was Deputy Chief Engineer of the Board of Transportation of the City of New York, engaged in the construction and operation of its city-owned subway. He died September 23, 1932, of a heart ailment which, it is claimed, was the natural and proximate result of an accident sustained from manhandling by a crowd on the occasion of the opening of the subway, September 9, 1932.

Petitioner filed a claim with the Board of Estimate and Apportionment for an accidental death benefit under the provisions of the city charter relating to the Employees' Retirement System, of which the deceased was a member. Section 1718 of the charter (Greater New York Charter, Laws of 1901, ch. 466, as amd.), authorizing such benefit, is as follows: " Upon the accidental death of a member before retirement, provided that evidence shall be sub-

mitted to the board of estimate and apportionment proving that the death of such member was the natural and proximate result of an accident sustained while a member and while in the performance of duty at some definite time and place and that such death was not the result of willful negligence on his part, his accumulated deductions shall be paid to his estate, or to such person as he has nominated or shall nominate by written designation, duly acknowledged and filed with the board of estimate and apportionment; and, upon application by or on behalf of the dependents of such deceased member, the board of estimate and apportionment shall grant a pension of one-half of the final compensation of such employee (a) to his widow, to continue during her widowhood," etc.

Section 1719 provides that workmen's compensation benefits to a member of the retirement system be subtracted from the amount otherwise payable for the same disability to members of the system. The Board of Estimate and Apportionment accordingly advised the petitioner to take the necessary proceedings before the Industrial Board, to establish her claim for workmen's compensation. She did so, proceeding against the Board of Transportation as employer, and the city of New York as insurer. Hearings were had, in which the claim was contested by the Corporation Counsel, and an award was made in her favor, which was appealed and affirmed. The Industrial Board found, as necessary under the Workmen's Compensation Law (Cons. Laws, ch. 67), that the death of the deceased was occasioned by accidental injuries arising out of and in the course of his employment.

The Medical Board, designated by section 1705 of the charter to report its conclusions and recommendations to the Board of Estimate and Apportionment, as head of the retirement system, disagreed with the conclusion as to accidental death. The Board of Estimate indorsed its recommendations, denied an accidental death benefit to petitioner, but awarded her an ordinary death benefit.

The question on this appeal is whether the determination of the Industrial Board in the compensation proceedings is conclusive on the Board of Estimate and Apportionment, as head of the retirement system, on principles of res adjudicata, or otherwise.

To a large degree the issues presented in proceedings under the Workmen's Compensation Law and the retirement provisions are alike. There is no substantial difference to be perceived between " accidental injury " under the former, and " the natural and proximate result of an accident " under the latter. There are perhaps some technical differences; for example, the requirement under the Compensation Law that the injury arise " out of and in the course of " employment (§ 2, subd. 7), as contrasted with " in the performance of duty," under the retirement provision (Cf. *Matter of Connelly* v. *Samaritan Hospital,* 259 N. Y. 137; *Fitzgerald* v. *Clarke & Son,* [1908] 2 K. B. 796, 799), and the exception in the Compensation Law of injuries " solely occasioned by intoxication * * * or by willful intention of the injured employee to bring about the injury or death of himself or another " (§ 10), contrasted with the exception in the retirement provisions of injuries occurring through the " willful negligence " of the member.

The contrasted provisions, however, are in every instance narrower in the Compensation Law requirements than in the retirement provision. Cases may be postulated where injuries might not be covered by the compensation statute, and still be within the terms of the retirement provisions. No case can be put which falls within the requirements of the Compensation Law and not within the broader scope of the retirement provisions. While the statutory provisions are not identical, an adjudication in favor of a claimant in compensation proceedings, so far as we can see, includes an adjudication that all the factors are present in the case which go to make a valid claim for accidental death benefits under the retirement act.

The purpose of the two statutes, broadly speaking, is identical. That to the legislative mind there was also substantial identity of subject-matter and remedy appears clearly from the provisions of the Civil Service Law kindred to those in the city charter. (Civil Service Law, §§ 65-a, 67, Cons. Laws, ch. 7.) It seems apparent that in almost all instances of accidental injury, the same issues were deemed to be involved where an employee was covered by both the Compensation Law and the retirement system; and the Industrial Board was the forum specifically assigned in such cases to adjudicate them. (Civil Service Law, § 67.) The practice under the city charter seems to have been the same. All considerations of orderly administration and finality demand that there should be but one trial of the same issues, and we think that was the legislative intent. Conceivably, as we have said above, there may arise instances where an employee is covered by the broad provisions of the retirement law and not by those of the Compensation Law. In such instances the rule of finality would not apply. This is not one of those instances, and we think the rule does here apply.

Moreover, under the circumstances of the litigation, we might even go further. Petitioner was instructed by the Board of Estimate to initiate her claim by proceedings before the Industrial Board. The Board of Estimate thus had notice of this proceeding in its capacity as head of the retirement system, and was in a manner a party thereto and entitled to defend. Upon familiar principles the system is bound by the result. (*Lovejoy* v. *Murray,* 3 Wall. [U. S.] 1; *Souffront* v. *La Compagnie des Sucreries,* 217 U. S. 475.)

The order should be affirmed, with costs.

LEHMAN, J. (dissenting). I cannot agree with the statement in the prevailing opinion that " the contrasted provisions, however, are in every instance narrower in the Compensation Law requirements than in the retirement provision." The contrary, indeed seems to me to be true.

It is evident that every injury arising " in the performance of duty " would also be an injury " arising out of and in the course of employment," but the converse is not so evident, and certainly the exclusion from compensable injuries of those which are " solely occasioned by intoxication * * * or by willful intention of the injured employee to bring about the injury or death of himself or another " is narrower than the exception in the retirement act of injuries occurring through the " willful negligence " of the member.

In any event, the provisions of the two statutes are not identical and if the Legislature had intended that there should be but a single trial of the issues of right to an award under the Compensation Law and right to benefit under the retirement system, it would naturally have provided that the *same* issues would be determinative of both rights; nor can I find in the provisions of the Civil Service Law the slightest indication of such an intent.

The retirement system was not a party to the proceedings before the Industrial Board, though it may be that notice of the proceedings given to the Board of Estimate was notice to it. An adjudication does not bind a party who has notice of the proceedings unless, as in the cases cited by Judge CROUCH, that party could prosecute or defend the proceedings to " establish and protect his own right," or, unless such party assisted in the prosecution or defense " in aid of some interest of his own." (*Souffront* v. *La Compagnie des Sucreries*, 217 U. S. 475, 487.) Here I can find no basis for any conclusion that the retirement system could have been heard in opposition to the claim for compensation. An award would reduce the amount payable from the retirement fund but would not be payable out of such fund. The retirement system, therefore, had no interest of its own to serve by opposing an award. The instruction of the Board of Estimate to the claimant to initiate her claim by proceedings before the Industrial Board amounted to no more than notice that even if the claimant was entitled to additional retirement benefits

she should first establish the amount which would in such event be deductible from such benefits. It is difficult to see how by such instruction the retirement system gained or lost any rights. The Board of Estimate could not remit to another tribunal determination of any question which the statute required the Board of Estimate to decide. If the Legislature had provided that an adjudication of the issues in the compensation proceedings should finally determine also the right to a retirement award, then it might be said that the Legislature also intended that when the retirement system had notice of these proceedings it might oppose them. In the absence of such provision there can be no ground for holding the adjudication binding upon the retirement system.

The order of Appellate Division should be reversed and the determination affirmed.

CRANE, Ch. J., O'BRIEN, HUBBS and LOUGHRAN, JJ., concur with CROUCH, J.; LEHMAN, J., dissents in opinion, in which FINCH, J., concurs.

Order affirmed.