In the Matter of the Application of EDWARD M. NASH, Petitioner, Appellant, for a Certiorari Order against PAUL B. BROOKS and Others, Individually and as Members of and Constituting the Medical Board of the New York State Employees' Retirement System, and NEW YORK STATE EMPLOYEES' RETIREMENT SYSTEM, Defendants, Respondents. (No. 1.)

Third Department, July 2, 1937.

*Scheiberling & Schneider* [*John J. Donohue* of counsel], for the petitioner, appellant.

*John J. Bennett, Jr., Attorney-General* [*Joseph M. Mesnig, Assistant Attorney-General*, of counsel], for the respondents.

CRAPSER, J.   There was also argued at the same time as the argument upon this motion a proceeding characterized as " a review by certiorari of a determination made by the Medical Board of the New York State Employees' Retirement System denying the above named petitioner's application for accidental disability retirement."

This decision deals only with the appeal from the order vacating the order of certiorari herein and dismissing the proceeding.

The application was made upon the following grounds:

" (1) That there has been no determination finally determining the rights of the parties with respect to the matter to be reviewed within the meaning of section 1286 (1) of the Civil Practice Act, and

" (2) That the granting of an order of certiorari herein is not expressly authorized by statute and the action sought to be reviewed is not of such a judicial character as to be subject to review by certiorari."

The court held that the Medical Board did not make the final determination, and pointed out that this is the duty of the Comptroller under the Civil Service Law.   It further held " the Medical Board has not reported to the Comptroller that the petitioner is not incapacitated as the result of accidental injuries sustained in service, but ' that there is not sufficient evidence to warrant the conclusion ' that he was so incapacitated."   That such a report was not a final determination.   It further held that the acts required by the statute of the Medical Board were in no sense judicial or *quasi* judicial and may not be reviewed by certiorari.   With these conclusions I cannot agree.

Section 54 of the Civil Service Law provides: " The Comptroller shall be the administrative head of the retirement system.   He shall, subject to the limitations of this article and of law, from time to time establish rules and regulations for the administration and transaction of the business of the retirement system and for the custody and control of the funds created by this article."

Subdivision 2 of section 55 is as follows: " The Medical Board shall arrange for and shall pass upon all medical examinations required under the provisions of this article, shall investigate statements and certifications by or on behalf of a member in connection with application for disability retirement, and shall report to the Comptroller its conclusions and recommendations thereon."

It is provided in section 65 of the Civil Service Law as follows: " If such medical examination and investigation show that the said member is physically or mentally incapacitated for the performance of service as a natural and proximate result of an accidental injury received in such service while a member and that such disability was not the result of wilful negligence on the part of said member and that such member should be retired, the Medical Board shall so certify to the Comptroller, stating the time, place and conditions of such service performed by said member resulting in such disability and the Comptroller shall retire the said member for accident disability within ninety days after the execution and filing of application therefor with the Comptroller."

" That which distinguishes a judicial from a legislative act is, that the one is a determination of what the existing law is in relation to some existing thing already done or happened, while the other is a predetermination of what the law shall be for the regulation of all future cases falling under its provisions. * * * To adjudicate upon, and protect the rights and interests of individual citizens, and to that end to construe and apply the laws, is the peculiar province of the judicial department. * * * To compare the claims of parties with the law of the land before established,— is in its nature a judicial act." (1 Cooley's Const. Lim. [8th ed.], pp. 183, 184, 185.)

The judicial power " is the power to hear and determine those matters which affect the life, liberty, or property of the citizens of the State." (*City of Sapulpa* v. *Land,* 101 Okla. 22; 223 P. 640; 35 A. L. R. 872, 878.)

The provisions of subdivision 2 of section 55, providing that the Medical Board shall pass upon all medical examinations required under the provisions of the article and shall investigate and report to the Comptroller its conclusions and recommendations thereon make their act a *quasi* judicial one at least and subject to review by certiorari. (*People ex rel. Hallock* v. *Hennessy,* 205 N. Y. 301–308.)

A determination of the Medical Board of the New York State Employees' Retirement System is a final determination.

The order appealed from should be reversed, with costs.

HILL, P. J., and RHODES, J., concur; McNAMEE, J., concurs solely on the authority of *Matter of Slattery* v. *Board of Estimate, etc.* (271 N. Y. 346); BLISS, J., dissents upon the ground that the alleged determination under review does not determine the rights of the parties, and, therefore, is not a proper subject to review by certiorari. (Civ. Prac. Act, § 1286, subd. 1.)

Order vacating certiorari reversed on the law and facts, with costs.