In the Matter of the Application of EDWARD M. NASH, Petitioner, for a Certiorari Order against PAUL B. BROOKS and Others, Individually and as Members of and Constituting the Medical Board of the New York State Employees' Retirement System, and NEW YORK STATE EMPLOYEES' RETIREMENT SYSTEM, Defendants. (No. 2.)

Third Department, July 2, 1937.

*Scheiberling & Schneider* [*John J. Donohue* of counsel], for the petitioner, appellant.

*John J. Bennett, Jr., Attorney-General* [*Joseph M. Mesnig, Assistant Attorney-General*, of counsel], for the respondents.

CRAPSER, J.   The petitioner has been in the employ of the State Insurance Fund as a medical examiner since July 16, 1923, and since December 17, 1923, he has been and still is a member in good standing of the New York State Employees' Retirement System.   He had prior public service of four years, seven months and eighteen days, from 1913 to 1917, as a public school teacher in New York city under his former name, Edward M. Nachumson.

His salary as a medical examiner was $6,500 per year.   On June 3, 1935, the petitioner was examining a patient in the office of the State Insurance Fund, and, while assisting the patient to arise from the examining table, the petitioner felt a sharp squeezing pain in the chest and neck, and was unable to breathe and collapsed.

The petitioner, under date of October 30, 1935, filed a claim with the Industrial Board for compensation for disability resulting from an accident arising out of and in the course of his employment but not occasioned by his willful intention or solely from intoxication.   Hearings were duly held upon this application, and on January 27, 1936, the referee made a decision in favor of an award to the petitioner.   Upon review, the State Industrial Board, on May 7, 1936, made a decision affirming said findings and decision of the referee.   No appeal from the decision was taken and the decision of the Industrial Board became final and conclusive upon all questions within its jurisdiction as against the State Fund or between the parties.   (Workmen's Comp. Law, § 23.)

On February 4, 1936, the State Insurance Fund notified the Comptroller of the award of workmen's compensation made to the petitioner.

On May 29, 1936, the petitioner applied for a retirement allowance for accidental disability in accordance with the provisions of

section 65 of the Civil Service Law. This matter was referred to the Medical Board of the New York State Employees' Retirement System on June 23, 1936, and the Comptroller requested from the State Insurance Fund a copy of the medical reports used in making the award to petitioner.

The petitioner submitted to the physical examination requested by the Medical Board, which was made by Dr. George H. O'Kane, its duly designated examining physician, who duly made his report to the Medical Board, and, in response to the direction that " examing physician will please state, from personal observation, whether or not this employee should be retired," answered: " From my personal observation I believe that the patient should be retired." |

On July 16, 1936, the Medical Board of the Employees' Retirement System requested and received from the Division of Workmen's Compensation the reports of examinations made by the medical examiner and the petitioner's doctor, and also copies of the hearings relative to the case of the petitioner.

On August 26, 1936, the Medical Board wrote to Dr. Lewy saying: " The question we are particularly concerned with is whether in the course of your association with this case, including the history and physical examination, you consider that the condition of Dr. Nash's heart is due to an accident (lifting a patient in the course of examination), and that Dr. Nash is entitled to accident disability retirement."

On August 28, 1936, Dr. Lewy gave it as his opinion that the petitioner was entitled to disability retirement, and expressed himself as follows: " The claimant is unable to perform any work which requires physical exertion."

The Medical Board requested an opinion from the Attorney-General on September 9, 1936, with respect to this matter, saying:

" In this case the applicant, in the course of his work, assisted a crippled man in rising from a reclining position to a sitting position, an act which involved a moderate amount of physical effort on the part of the applicant. Immediately afterward he had an attack of *angina pectoris*, and since that time has been incapacitated.

" There is little doubt but that the physical effort precipitated the attack and was the immediate inciting cause of his disability. On the other hand we know that such an attack could not have occurred if the applicant had not for some time previously been developing an arterial and cardiac condition, which is always the underlying cause of such attacks. * * *

", The question is as to whether or not the Board, in considering a claim for accidental disability retirement or accidental death benefits, should disregard the fact that the disability or death would not have occurred if it had not been for the preexisting

disease or whether the preexistence of such disease should be considered as a bar to the allowance of such retirement or death benefit?

" It seems to us that this is a legal rather than a medical question and we respectfully request your advice."

On October 10, 1936, the Attorney-General replied:

" You inquire whether or not the Medical Board, in considering a claim for accidental disability retirement or accidental death benefits, should disregard the fact that the disability or death would not have occurred if it had not been for the preexisting disease or whether the preexistence of such disease should be considered as a bar to the allowance of such retirement or death benefit.

" In similar situations arising under the Workmen's Compensation Law, the rule seems to be well established that an accidental injury which, superimposed upon a preexisting cardiac or other diseased condition, accelerates and progresses that condition, producing incapacity or death, is a compensable injury under that law. *Matter of Hiltsey* v. *General Electric Company*, 35 S. Dep. Repts. 47, and cases cited; *Cook* v. *International Paper Co.*, 244 App. Div. 849; *Raczwalski* v. *Gary's Estate*, 244 App. Div. 859. I find no authority for establishing a different rule under the employees' retirement provisions of the Civil Service Law.   *   *   *

" Under these decisions, it is apparent that your Board, in considering a claim for accidental disability retirement or accidental death benefits, may not disregard the fact that the disability or death would not have occurred if it had not been for the preexisting disease; neither may your Board consider the preexistence of such disease as a bar to the allowance of retirement or death benefits."

On October tenth the Medical Board made a report as follows:

" *To the Comptroller of the State of New York:*

" On October 10, 1936, we investigated all statements and certifications relative to an application for Accidental Disability Retirement submitted by Dr. Edward M. Nash on account of accident. As a result of such investigation the Medical Board certifies to you that there is not sufficient evidence to warrant the conclusion that said Dr. Edward M. Nash is incapacitated as a natural and proximate result of an accident sustained in service and in the performance of duty of the member — based upon the opinion of the Attorney-General rendered to the Medical Board, dated Oct. 10, 1936, in answer to the board's inquiry of Sept. 9, 1936.

ANDREW MAC FARLANE,

The Medical Board        THOMAS ORDWAY

PAUL B. BROOKS."

On October 13, 1936, a copy of the Medical Board's report was sent to the petitioner, and on October twenty-eighth the petitioner wrote the Comptroller requesting a review of his case and offering to supply additional information. On October twenty-ninth the Comptroller replied, assuring the petitioner that the Medical Board would entertain any additional evidence that the petitioner wished to submit. No additional evidence was ever submitted.

On October 27, 1936, the Comptroller wrote to the petitioner that the Medical Board thought " that there is not sufficient evidence to warrant the conclusion that said Dr. Edward M. Nash is incapacitated as a natural and proximate result of an accident sustained in service and in the performance of duty as a member. * * * I beg to advise you that this decision of the Medical Board was also based upon an opinion of the Attorney-General rendered to said Board at its request. * * * The record seems to indicate a conflict of opinion amongst the medical experts and, as heretofore advised you, our Medical Board did not seem to think your condition was due to an accident."

The defendants maintain that no final determination with respect to petitioner's application for accidental retirement has been made, and, therefore, that there is nothing to review. With this conclusion I disagree.

It would appear that the Medical Board thought it had the power and authority to review the findings and determinations made by the State Industrial Board and to disregard the findings of the State Industrial Board to find that the petitioner's incapacity was not the result of an accident which arose out of and in the course of the petitioner's employment.

The findings of the State Industrial Board were binding upon the Medical Board, and they had no right to disregard them or to arrive at a different conclusion. (*Matter of Slattery* v. *Board of Estimate & Apportionment*, 271 N. Y. 346.)

The Medical Board's own examiner found that the petitioner was disabled and ought to be retired.

The Medical Board of the New York State Employees' Retirement System had no power or authority on the record herein to find that the petitioner was not incapacitated as the result of an accident sustained in service. Its determination was based upon illegal and erroneous findings; it was bound by the findings of the Industrial Board which it had before it. It undoubtedly had the right to further examine the petitioner in case it desired to do so. It had had one examination of him, and it would have been perfectly proper to ask for another examination; this it did not do.

The determination of the Medical Board of the New York State Employees' Retirement System is annulled and the matter is remitted to the New York State Employees' Retirement System to proceed in accordance with this opinion.

HILL, P. J., and RHODES, J., concur; McNAMEE, J., concurs solely on the authority of *Matter of Slattery* v. *Board of Estimate & Apportionment* (271 N. Y. 346); BLISS, J., dissents, with an opinion.

BLISS, J. (dissenting). I dissent from the opinion for annulment and vote to dismiss the petition upon the ground that the report of the Medical Board is not a final determination and is not reviewable by certiorari.

I concede that the report of the Medical Board to the State Comptroller dated October 10, 1936, which, as I understand it, is the so-called " determination " under review, is erroneous in so far as it holds that the petitioner's disability is not the result of an accident. Under the *Slattery* case the Medical Board and the Employees' Retirement System are bound by the determination of the State Industrial Board that petitioner suffered an accident and was disabled as the result thereof. However, this report does not determine petitioner's right to be retired. This is done by the Comptroller, whose action must be based upon the report and must be in accordance therewith. However, until the Comptroller has acted no final determination has been made.

Determination annulled on the law and facts, with fifty dollars costs and disbursements, and matter remitted to the New York State Employees' Retirement System to proceed in accordance with opinion.