ROBERT K. RANKIN, Plaintiff, *v.* NEW YORK STATE EMPLOYEES' RETIREMENT SYSTEM et al., Defendants.

Third Department, July 7, 1948.

*DeGraff and Foy,* attorneys (*John T. DeGraff* of counsel), for plaintiff.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown, Solicitor-General,* and *Edward L. Ryan, Assistant Attorney-General* of counsel), for defendants.

FOSTER, J. This is a submission of a controversy upon an agreed statement of facts. The issue is whether plaintiff, an employee of the Conservation Department of the State of New York, was incapacitated for duty as a natural and proximate result of an accident sustained in service within the meaning of section 65 of the Civil Service Law. The material portion of that statute reads as follows: "Medical examination of a member under sixty years of age in service for accident disability and investigation of all statements and certifications by him or on his behalf in connection therewith shall be made upon the application of the head of the department in which said member is employed, or upon the application of said member or a person acting in his behalf stating that said member is *physically or mentally incapacitated for the performance of duty as a natural and proximate result of an accident sustained in service as a member* and certifying the time, place and conditions of such service performed by said member resulting in such alleged disability, and that such alleged disability was not the result of willful negligence on the part of said member and that said member should therefore be retired." (Emphasis supplied.)

Plaintiff has been employed by the Conservation Department since July, 1925. Until April, 1933, he had enjoyed good health. At that time he developed pulmonary tuberculosis and received treatment until January, 1934, when he returned to work. In December, 1936, he suffered a hemorrhage and received further treatment, which included a collapsing of his right lung. He returned to work in November, 1937, but the pneumothorax treatment has been continued ever since. As of January, 1941, he had a quiescent tubercular condition of his left lung, that is, this lung had a small amount of tubercular infiltration which was quiescent. Prior to December 11, 1943, the day of the alleged accident, a physician had seen plaintiff approximately every two weeks, the last occasion being December 6, 1943. The sputum during that time was negative. Plaintiff continued to work from November, 1937, until December 11, 1943.

On the latter date, at about 10:30 in the morning, he was driving a dump truck in the course of his duties in the neighborhood of a bobsled run near Lake Placid, New York. While on the entrance to the bobsled run the truck stopped and when he attempted to get it started he found that the gas line and fuel pump mechanism had been frozen. At the time

the temperature was 18° below zero and a strong wind was blowing. The snow on the ground was eight or ten inches deep. Plaintiff worked on the truck in attempting to get it started for about three quarters of an hour but could do nothing with it. He then walked back to the bobsled run buildings for assistance. Upon arrival there he was in an exhausted condition and suffering from the cold. After resting at the home of a coworker for some time and having had lunch, he assisted in the removal of the truck and finally returned to his home later in the afternoon. He went directly to bed and it was found he was running a temperature above normal. A few days later an examination by a physician revealed that he was suffering from pleurisy with effusion on the left side. Following this pleural effusion active tuberculosis infection appeared in the upper portion of the left lung. This condition did not appear to be progressive at first and plaintiff continued to perform restricted work until February 11, 1946. At that time the disease appeared to be progressive and he was required to rest in bed. Since October 28, 1946, he has not been allowed to do any work of any kind, and it is conceded that he is now totally disabled.

Plaintiff urges that he sustained an accidental injury within the meaning of the statute quoted. Defendants contend as a matter of law that the disability of plaintiff is not the natural and proximate result of an accidental injury, and that, therefore, plaintiff is not entitled to an accidental disability retirement allowance pursuant to statute.

Ordinarily the issue as to whether one has sustained an accidental injury is a question of fact, and there is a mass of cases on the subject. It would serve no useful purpose to wander at length in the labyrinth of these decisions because each case has been necessarily decided upon its own particular facts. This is particularly so as to cases under the Workmen's Compensation Law. However, in construing the New York City Employees' Retirement System, which is very similar in terms to the statute involved here, it was said by the Court of Appeals: '' To a large degree the issues presented in proceedings under the Workmen's Compensation Law and the retirement provisions are alike. There is no substantial difference to be perceived between ' accidental injury ' under the former, and ' the natural and proximate result of an accident ' under the latter '' (*Matter of Slattery* v. *Board of Estimate & Apportionment*, 271 N. Y. 346, 350). This case also went on to hold that a finding of accidental injury under the Workmen's Compensation Law was binding on the New York City Retirement System.

That part of the decision was abrogated by the subsequent enactment of subdivision 3 of section 67 of the Civil Service Law, which provided in effect that no decision of accidental disability under the Workmen's Compensation Law shall be binding on any retirement system. However, the reasoning expressed in the opinion in the case cited is still persuasive, and some cases decided under the Workmen's Compensation Law are useful by way of analogy (*Matter of Cook* v. *International Paper Co.,* 244 App. Div. 849; *Matter of Leich* v. *Borchard Affiliations,* 256 App. Div. 1019; *Matter of Easer* v. *Pratt,* 261 N. Y. 628). In another field a recovery under an accident insurance policy was upheld where a decedent died of a heart attack in attempting to extricate his car from a ditch (*Burr* v. *Commercial Travelers Mut. Accident Assn.,* 295 N. Y. 294). While each case must be determined on its own set of facts the authorities cited denote considerable latitude in passing upon findings of accidental injuries. Many injuries occasioned by heavy or unwonted exertion following an unusual event or mishap have been classed as accidental. Doubtless the correct test to apply is to determine how the primary event would be styled in the speech of common men. And this ordinarily is a matter of fact, not of law.

Defendants urge, as a matter of law, that there was nothing catastrophic or extraordinary in the chain of events which caused the reactivation of tuberculosis in plaintiff's left lung. We think to the contrary that the genetic event was unusual and out of the ordinary as a matter of fact. Assuming the weather conditions were not abnormal for the time and place, as defendants suggest, we do not believe that the freezing of a gas line and pump in a moving motor vehicle to be a usual and common occurrence. If such were the fact the operation of any automobile after the same had been started would be most uncertain in subzero weather. There is nothing before us to indicate that such an occurrence is common. We are, therefore, of the opinion that the happening of such an event would be termed accidental in common speech.

Plaintiff's exposure and physical effort followed as a matter of course and as a natural consequence of the primary mishap. All of the medical testimony agrees that his subsequent physical disability was the direct result of that exposure and effort. The argument that those elements would not have affected a person of normal health who was native to the area is beside the point. The test of whether his disability followed

as a natural consequence of his experience must be applied in the light of his condition as it was, and not as if he had been in normal health.

Applying the foregoing principles we conclude that plaintiff's disability is the natural and proximate result of an accident sustained in service. Judgment, therefore, should be rendered in favor of the plaintiff.

HILL, P. J., HEFFERNAN, BREWSTER and DEYO, JJ., concur.

Judgment rendered for the plaintiff, without costs, upon an agreed statement of facts.