Piper, J.
On March 26, 1947, there was a heavy fall of snow in the town of Tonawanda, Brie County. Petitioner, a police officer, reported for work at 1:00 a.m. His usual duties were to patrol in a patrol car. Due to the storm, the officers were confined to headquarters. Petitioner and another officer went out of the police station and shoveled the snow around the sidewalks and entrance to the driveway. When the snow plows went through the street, it was necessary to clear the entrance to the driveway, consequently petitioner continued to shovel snow throughout the night. While so engaged in removing the snow he “ experienced pains ” in his chest and “ shortage of breath ”. “It was hard to breathe, and these pains — when I would get them, I would go into the station house and sit down and rest, and they would seem to go away. Then I would go out and shovel some more.”
Petitioner went home about 9:00 a.m. and again reported for duty at 1:00 a.m. the following morning, when he went on his regular patrol duty with the patrol car. He again had severe pains across his chest and in both arms. Although he had great difficulty in driving, he did return to the police station, where he reported his illness to the lieutenant and a fellow officer took him home. He was attended by physicians, including Dr. Rose, a heart specialist called by petitioner’s family physician. He was confined to bed for six weeks, then confined to the second floor of his home for a further period and later permitted to go down stairs. The physicians all agree that he is not able to resume his duties as police officer.
*492 Petitioner has applied for accidental disability benefits as a member of the New York State Retirement System. Both petitioner and respondent agree that petitioner’s rights are to be determined under the provisions of section 65 of the Civil Service Law (which was repealed by chapter 841 of the Laws of 1947; subject matter now contained in section 79) as in effect on March 26 and 27, 1947. It is not necessary to quote the entire section as the parties have agreed that the sole issue to be determined by the comptroller was whether or not petitioner was ‘1 incapacitated for the performance of duty as the natural and proximate result of an accident ”.
It should be noted that at the time petitioner filed his application for disability benefits, no benefits had been paid to him under the Workmen’s Compensation Law; since that time an award has been made to him and he is now receiving payments under that statute.
The Court of Appeals in 1937, in a similar case held: “ The adjudication of the Industrial Board that petitioner’s injury was accidental and arose out of and in the course of his employment is binding upon the medical board ”. (Matter of Nash v. Brooks, 276 N. Y. 75, 82.) In an earlier case, in construing the provisions of the New York City Charter relating to accidental death benefits, the court said: “No case can be put which falls within the requirements of the Compensation Law and not within the broader scope of the retirement provisions.” (Matter of Slattery v. Board of Estimate & Apportionment, 271 N. Y. 346, 350.)
After the decision in the Nash case (supra) the Legislature in 1938 (ch. 407) amended section 67 of the Civil Service Law by adding the following sentence: “ No decision of the state industrial board shall be binding on the comptroller or the medical board in the matter of determining the eligibility of a claimant for an accidental disability or an accidental death benefit ”.
By chapter 714 of the Laws of 1945, section 67 was again amended. Subdivision 3 then read as follows: “ A final determination of the state industrial board that benefits are payable pursuant to the workmen’s compensation law by reason of the accidental disability or death of a member of the retirement system shall not in any respect, be or constitute, a determination that an accidental disability retirement allowance or death benefit is payable pursuant to the provisions of this article by reason of the accidental disability or death of such member.”
*493 These provisions are, in substance, now contained in section 85.
By chapter 577 of the Laws of 1938, subdivision 5 was added to section 54 of the Civil Service Law. That subdivision reads as follows: “ 5. The comptroller shall have exclusive authority to determine all applications for any form of retirement or of death benefit provided for in this article and shall forthwith send written notice of such determination to the applicant. At any time within four months thereafter, such applicant may apply for a hearing and a redetermination of his application. After an appropriate hearing on notice, before the comptroller or officer duly designated by him, the comptroller shall make and serve his final determination, which alone shall be reviewable as provided in article seventy-eight of the civil practice act. The comptroller, or officer duly designated by him, is empowered to take testimony and proofs, under oath, upon such hearing, and shall have power to subpoena and require the attendance of witnesses and the production of books, papers and documents pertinent to such hearing.”
The subject matter of this subdivision is now contained in subdivisions b, c, and d of section 73 as added by chapter 841 of the Laws of 1947, effective July 1, 1948.
Respondent urges that these amendments to the Civil Service Law have changed the rule of law laid down by the Court of Appeals in Matter of Slattery and Matter of Nash, above cited, not only on the question of res judicata, but also to permit the Comptroller to make a determination in each individual case as to whether or not a member is physically incapacitated as a natural and proximate result of an accident.
The only reported case decided since the amendments to the statutes, that has been called to our attention is Rankin v. New York State Employees’ Retirement System (274 App. Div. 160,162).
That case reached the Third Department on a submission pursuant to sections 546-548 of the Civil Practice Act. Under such a submission, the court was charged with the duty of determining whether or not the employee “ sustained an accidental injury ” within the meaning of the statute. In the opinion Justice Foster made this statement: “ Ordinarily the issue as to whether one has sustained an accidental injury is a question of fact, and there is a mass of'cases on the subject.” The court found on the facts in that case that the plaintiff’s disability was caused by an accident sustained in service.
*494 If we were to be guided by the decisions under the Workmen’s Compensation Law, numerous cases could be cited in which awards have been affirmed by the appellate courts for a heart condition brought on by over exertion. The amendments to the Civil Service Law by the Legislature have, we think, changed the provisions relating to the State Retirement System so that the duty of determining the question of fact as to whether or not an employee has sustained an accidental injury is for the Comptroller.
The Comptroller has determined after a hearing pursuant to statute that petitioner’s disability 16 is not the result óf an accident ”. The case comes to our court for review under article 78 of the Civil Practice Act. The question of whether appellant’s disability was or was not the result of an accident was a question of .fact to be determined by the Comptroller, and, he having determined the question against the petitioner on substantial evidence, we must confirm his decision. (Matter of Miller v. Kling, 291 N. Y. 65; Matter of Humphrey v. State Insurance Fund, 298 N. Y. 327.)
The determination of the Comptroller- should therefore be confirmed, without costs.
All concur. Present — Taylor, P. J., McCurn, Vaughan, Kimball and Piper, JJ.
Determination confirmed, without costs. [See 277 App. Div. 831.]