HANS WEISS, Respondent, v. FRANKLIN SQUARE AND MUNSON FIRE DISTRICT OF THE TOWN OF HEMPSTEAD, Appellant.— In a proceeding pursuant to section 205 of the General Municipal Law to recover for disbursements for medical treatment and for loss of earnings as a result of an injury to the petitioner, sustained while stepping from a fire truck at a parade and competitive drill, the fire district appeals from the judgment of the County Court, Nassau County, determining the controversy in petitioner's favor. The amount of the judgment included an award of $500 to reimburse the petitioner for medical and remedial treatment, the maximum permitted pursuant to subdivision Third of section 205 of the General Municipal Law, plus disability payments of $32 a week for sixteen weeks. Judgment reversed on the law, without costs, and the proceeding dismissed, without costs. In a proceeding pursuant to the Workmen's Compensation Law, determined before the presentation of the present controversy, the referee made an award to the claimant, the present petitioner, commencing from the date of the accident, at the rate of $32 a week. Although the benefits payable to volunteer firemen pursuant to the Workmen's Compensation Law (§ 3, subd. 1, group 17) were "only so much as the regular benefits hereunder shall exceed the benefits payable under section two hundred five of the general municipal law", the only grounds of the insurance carrier's objection to the award were that "the claimant did not sustain an accident arising out of and in the course of his employment, inasmuch as he was injured during a tournament and that his participation in that tournament was purely voluntary." Presumably, the limitation of the carrier's grounds for objection to the award was based on the fact that section 10 of the Workmen's Compensation Law required a contract of insurance under that law to "also indemnify against the liability imposed by section two hundred five of the general municipal law". The Workmen's Compensation Board ruled that the accident did not arise out of and in the course of employment since the claimant's participation in the tournament was voluntary, reversed the referee's award and dismissed the proceeding. The sole issue submitted to the County Court in opposition to the petition was the validity of appellant's defense that the determination by the Workmen's Compensation Board was binding upon the County Court. There was no appeal from the determination of the Workmen's Compensation Board and its determination was final and conclusive upon the parties as to issues within its jurisdiction and necessarily determined therein. (Workmen's Compensation Law, §§ 20, 23; *Ogino* v. *Black*, 304 N. Y. 872; *Walfrice* v. *Buffalo Pottery Co.*, 176 Misc. 472, affd. 263 App. Div. 787.) The determination by the board meant that it had found that the petitioner's injuries were not the "disablement of a volunteer fireman as the direct result of the performance of his duties." (General Municipal Law, § 205, subd. Fourth.) A proceeding before the board

involves substantially the same issues as are involved in a proceeding in a County Court under the General Municipal Law (§ 205). The amounts that may be awarded differ, but necessarily the board was obliged to determine whether a duty such as is embraced in section 205 was being performed at the time of the injury. The determination of the board was therefore binding on the County Court. (Cf. *Matter of Slattery* v. *Board of Estimate & Apportionment*, 271 N. Y. 346.) Nolan, P. J., Wenzel and MacCrate, JJ., concur. Adel and Schmidt, JJ., dissent and vote to affirm.