In the Matter of the Claim of WILDA H. ARBERGER, Appellant, against INTER-NATIONAL HYDRO-ELECTRIC CORPORATION and EMPLOYERS LIABILITY ASSUR-ANCE CORPORATION, LTD., Respondents. STATE INDUSTRIAL BOARD, Respondent. — This is an appeal by the widow of a deceased employee from a decision of the State Industrial Board disallowing claim for death benefits, and rescinding an award for death benefits made by an acting referee. Deceased had been employed for about eleven years as a blacksmith, doing heavy work. The plant level was below the garage level. To get from the former to the latter one had to climb two flights of iron steps and a flight of concrete steps; between the two there was a landing. The same situation had existed for the eleven years of the deceased's employment. He regularly used these steps both to and from his work and to carry things from one level to another. On April 2, 1935, at quitting time, deceased climbed the stairs, to go home. In doing so he fell down and died imme-diately from a heart ailment which he had been suffering from for some time and for which he had been treated. There was evidence to support the decision of the Board. Decision unanimously affirmed. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of Mrs. ANNA MOSCHINGER, Respondent, against HENRY HEIDE, INC., Employer, and STATE INSURANCE FUND, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Appeal by the employer and its insurance carrier from an award of funeral expenses. Appellants contend that the accident which resulted in the employee's death did not arise out of and in the course of the employment. Decedent was working as a painter scraping and painting the inside of a water tank located on the roof. He would come on the roof occasionally to get some fresh air and while going to the roof of one of the employer's buildings during such a period of relaxation he fell from the roof and was killed. The employer knew of and permitted the frequent intermissions and the going out onto the roof. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of LOUIS ASCHER, Respondent, against DIAMOND & BAUM, INC., Employer, and STATE INSURANCE FUND, Appellant. STATE INDUSTRIAL BOARD, Respondent.— The State Fund as insurance carrier has appealed from an award of the State Industrial Board in claimant's favor. The only questions presented are those of accident and causal relation. The State Industrial Board found that on September 14, 1936, while claimant was engaged as a cutter in the business of his employer he sustained the injuries which formed the basis of the award. The proof shows that while claimant was lifting a bolt of velour, so as to place it on the cutting table, he slipped and sustained a severe pain, and collapsed. There is ample evidence of the finding as to accident and causal relation. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.