In the Matter of the Claim of LORETTA LOWICKI, Respondent, against NATIONAL SUGAR REFINING COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, December 30, 1952.

*S. Chandler Fraser* for appellants.

*Nathaniel L. Goldstein, Attorney-General* (*Roy Wiedersum* and *Harry Pastor* of counsel), for Workmen's Compensation Board, respondent.

*T. A. Duffy* for claimant-respondent.

BERGAN, J. Claimant's husband was employed as a porter in one of the garages of the National Sugar Refining Company in Long Island City. His job was to clean cars, sweep the garage, and service the employer's vehicles with gas and oil.

A garage foreman who was a superior of deceased stored his private automobile in a company garage. On January 19, 1951, the foreman's car would not start and it was pushed into the street. The foreman asked the driver of a company truck to tow the car to start it.

The testimony of the foreman is that deceased " came with the rope out of the garage " and " hooked it onto the truck and onto my car ". There is no proof of an explicit direction by the foreman to do this but the truck driver's description of what happened linked events very closely together and suggests a chain of circumstances from which the board might find an implicit or actual suggestion from the foreman that deceased help him in this way.

The truck driver testified that the foreman " asked me to back out and tow him * * * and Walter [the deceased] made a line ".

This seems to be a rather close integration of events in sequence and in effect. There is proof that deceased was told by the foreman to stand away as the vehicles started and not to ride on the foreman's car; but nevertheless he did ride on the running board and was injured within a block of the garage and died.

The line of authority under which aid given to a fellow employee in difficulty is close enough relation to the work to be deemed part of the employment, and the implication that the aid given the foreman was under his direction give strength to the finding of the board that the accident arose out of and in the course of the employment. The proof supports the statutory presumption in a death case.

The award should be affirmed, with costs to the Workmen's Compensation Board.

FOSTER, P. J., BREWSTER, and HALPERN, JJ., concur.

Award affirmed, with costs to the Workmen's Compensation Board.