In the Matter of the Claim of HELEN M. DALY, on Behalf of Herself and MARY E. DALY and Another, Infants, Respondent, against STATE INSURANCE FUND, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, May 19, 1954.

*George J. Hayes, Bernard Katzen* and *Victor Fiddler* for appellant.

*Nathaniel L. Goldstein, Attorney-General (Carl Madonick* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

*Watson & Looby* for claimant-respondent.

BERGAN, J. Claimant's husband was employed as a senior compensation claims examiner by the State Insurance Fund. He resided in Albany and his assigned duty was to act as a hearing claims representative at workmen's compensation hearings. He travelled from place to place to attend hearings.

On adequate proof it is shown that decedent conferred with the representative of an assured of the State Fund and with an employee of the Special Fund Conservation Committee in the Elks Club in Plattsburgh on the night before a compensation hearing was to be held in that city.

It was decedent's custom to prepare cases for the next day in the hotel where he stayed and in the club where he ate dinner. The conference at the club continued until after midnight. The club was closed at 1:00 A.M. The board could find from the testimony of the assured's representative that he had suggested to the decedent that when they got back to the hotel another

case should be discussed and that decedent said: "I'll see you at the hotel. I will give you a call."

It was midsummer and hot and stuffy in the room in which the discussions had been going on; decedent told the employee of the conservation committee that he "would like to get some air, a breath of air" before going back to the hotel.

Both got into the decedent's car, which decedent drove. The conservation committee employee fell asleep. Seven miles north of the club, and proceeding in a direction away from Plattsburgh, the car collided with a telephone pole off the road and decedent was killed. The time of this accident has been fixed at about 1:40 A.M.

The board has held that decedent's death occurred in the course of employment. There is nothing inherently improbable about conferences at night; and, indeed, it seems not in dispute that it was common practice to have such conferences.

That the conference might be continued in a hotel late at night after the Elks Club closed may seem less probable, but the assured's representative testified that the conference was to be continued that night at the hotel; and there is other proof, including that of a compensation referee, that conferences were held from time to time between the decedent and representatives of State Fund assureds in the rooms of this and other hotels. The board could have found on this record, therefore, that the decedent intended to continue his work after returning from the Elks Club to the hotel.

The deviation from the usual route from the club to the hotel was greater here than the deviation considered in *Matter of Oram* v. *Moon Co.* (285 N. Y. 42) where the award was upheld. There the employee, after a lunch found to have been attended in the course of her employment, went out of the usual route to her office to do some personal banking business and was injured on her way back, but on a side of the street opposite from that on the direct route to the office. But the difference between that case and this one is one of degree and not one of principle.

In similar pattern is the case of the employee who went across the street from the place of employment and was killed on the way back (*Matter of Johnson* v. *Sanitary Scale Co.*, 278 App. Div. 878).

Here it could reasonably be found that decedent was getting some short relief from the heat of the conference and the distance from the club or hotel to the point of accident is not large

when traveling by automobile. The case is somewhat similar to that of the salesman who drove a fellow employee home and then was injured on his way from there to his own home (*Matter of Theyken* v. *Diplomat Products,* 268 N. Y. 658).

It has been held frequently that an employee seeking air on the premises of the employer is within the scope of employment. *Matter of Montgomery* v. *Bartholomay Milk Co.* (260 N. Y. 664), where the employee " ' * * * while seeking fresh air in order to refresh himself ' " fell down an embankment is one example. *Matter of Moschinger* v. *Henry Heide, Inc.* (256 App. Div. 1019) where a painter went to the roof for the same purpose is another. The " premises " in the case of an outside employee is, of course, based on a broader concept than the employer's building or land.

This distinction between outside employees, such as salesmen and other traveling representatives, and employees working at a fixed place is well recognized in New York, and where the work takes the employee to a place of great distance from his home, as to a foreign country, the activity which has been regarded as within the scope of employment has been very broadly viewed. Such employment " far from home " in the language of Desmond, J., in *Matter of Lewis* v. *Knappen Tippetts Abbett Eng. Co.* (304 N. Y. 461, 466) has included pleasure trips within its scope. In that case the claimant's husband was in Israeli as an engineer and was shot by an Arab while on a sightseeing trip. Two cases decided in 1949, *Matter of Scott* v. *U. S. O. Camp Shows* (298 N. Y. 896) and *Matter of Lyons* v. *U. S. O. Camp Shows* (298 N. Y. 897), are quite similar in principle, and the genesis of the rule may be seen in *Matter of Tushinsky* v. *National Broadcasting Co.* (265 App. Div. 301, appeal dismissed, 292 N. Y. 595). The *Tushinsky* case is in some respects similar to the one now before us.

This rule may, perhaps, not extend fully to employment at a distance from home within the country, but in a case involving traveling within the United States in which an award was disallowed (*Matter of Davis* v. *Newsweek Mag.,* 305 N. Y. 20, 23) the court was careful to note that the science editor was killed while driving into shallow water at a Gulf port vacation spot, a place " not scheduled on his itinerary and for which they had no reservations " and at a place where " No scientific investigation had been planned " and none was planned in that State or vicinity. The case, therefore, is readily distinguishable from the one before us where the accident is in close and immediate relationship with the work.

And while the full breadth of the rule applying to activities in foreign countries has not been applied to itinerant work within the United States there has been some liberality on that subject which is apparent in *Matter of Block* v. *Camp Shows* (272 App. Div. 980) where claimant, a theatrical manager, was injured on the stairs of a barbershop where he went for a shave while waiting for a car to take him back to an airfield in Louisiana. The bus driver who went on a fishing boat while waiting to make his return trip might be compared. (*Matter of Motto* v. *Cosmopolitan Tourist Co.*, 278 App. Div. 597.)

There is, moreover, in a death case, a presumption that the unexplained accident occurred in the course of employment and that presumption is re-enforced somewhat when it is shown that just before the accident the employee had been actually engaged in his work; and when it could be found that at a time just after the accident he had intended to continue the work. The presumption is not to be completely lost by the circumstance that at the precise time of the accident itself an itinerant employee was driving his automobile away from the next point of work. Appellant quotes the language in *Matter of Daus* v. *Gunderman & Sons* (283 N. Y. 459, 465) that the presumption of the statute " is not intended to relieve completely an employee from the burden of showing that accidental injuries suffered by him actually were sustained in the course of his employment and arose out of the employment ". But there the facts were found against the claimant by the Board on a record in which the Court of Appeals felt the facts could well have been found the other way (p. 462).

The presumption was applied in *Matter of Lowicki* v. *National Sugar Refining Co.* (281 App. Div. 113). There the employee was killed while riding on the running board of a fellow employee's personal automobile which was being towed on a public street away from the employer's garage where decedent worked.

Under these interrelated principles which we deem operative in this case, the award should be affirmed, with costs to the Workmen's Compensation Board.

FOSTER, P. J., COON and IMRIE, JJ., Concur.

Award affirmed, with costs to the Workmen's Compensation Board.