■ In the Matter of the Claim of JOSEPH E. RIZZO, JR., Appellant, against SYRACUSE UNIVERSITY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by claimant from a decision of the Workmen's Compensation Board dismissing his claim for compensation. Claimant, a graduate research assistant, was employed by Syracuse University and assigned to a cosmic ray study project. In order to perform certain experiments at a high altitude, in June, 1954, claimant and others engaged in the same project journeyed to a laboratory located in the Rocky Mountains. There they usually worked from 9 or 10 o'clock in the morning until 10 or 11 o'clock or later in

the evening. But there were no exact or regular hours of work since the progress of the experiment was unpredictable. The members of the group lived in a nearby dormitory, the nearest village being 14 miles away. There were several mountain trails near the laboratory and hiking became a favorite form of recreation. During the afternoon of August 26 when a lull occurred in the work, claimant and another member of the group went for a hike. For a while they talked about their work but then walked in silence as they ran out of breath because of the high altitude. On the return trip claimant climbed over an out-cropping of rock which gave way causing him to fall and sustain injury. The board found that at the time of his injury claimant had separated himself from the scope of his employment and the accident did not arise out of and in the course of employment. It is apparent from the board's memorandum of decision that it relied entirely upon *Matter of Davis* v. *Newsweek Mag.* (305 N. Y. 20) in reaching the result it did. We believe the *Davis* case is distinguishable on the facts and that the board should reconsider this case in the light of *Matter of Daly* v. *State Ins. Fund* (284 App. Div. 174, motion for leave to appeal denied 307 N. Y. 942). Decision reversed, with costs against the Workmen's Compensation Board, and claim remitted for further consideration. Bergan, J. P., Coon, Halpern, Zeller and Gibson, JJ., concur. [See *post*, p. 644.]