In the Matter of HELEN M. DALY, Petitioner, against STATE COMPTROLLER, Respondent.

Third Department, July 9, 1956.

*Charles J. Duncan* for petitioner.

*Jacob K. Javits, Attorney-General (Milton Alpert* and *James O. Moore, Jr.,* of counsel), for respondent.

GIBSON, J. The decedent was petitioner's husband and an employee of the State Insurance Fund. He died as the result of injuries sustained in an automobile accident which occurred near the city of Plattsburgh. Prior to the hearing and determination by the Comptroller of the claim in issue here, a proceeding was had before the Workmen's Compensation Board, wherein the petitioner here was claimant, and in which the board found that the injuries causing death were accidental and arose out of and in the course of decedent's employment, and the board's decision and award were affirmed by this court. (*Matter of Daly* v. *State Ins. Fund,* 284 App. Div. 174, motion for leave to appeal denied 307 N. Y. 942.) Although the proof as to the critical issue was substantially the same in both pro-

ceedings, petitioner's application for accidental death benefits from the State Employees' Retirement System under section 81 of the Civil Service Law was disapproved by the Comptroller, who found that the decedent was not engaged in the performance of his duties at the time and place of the accident. This proceeding was brought to review the Comptroller's determination.

The fact that the two proceedings involved issues recognized as identical despite the difference in phraseology (see *Matter of Slattery* v. *Board of Estimate & Apportionment*, 271 N. Y. 346) no longer binds the Comptroller to follow the prior determination of the Workmen's Compensation Board. (Civil Service Law, § 85, subd. b.) Petitioner contends, nevertheless, that there exists no legal or factual reason which would warrant our reaching a determination contrary to that arrived at in the compensation case. However, by affirming the compensation award we did no more than hold that there was substantial evidence to support the board's decision. On this appeal, we must apply the same test of substantial evidence to an administrative determination adverse to the claimant.

It is unnecessary to repeat, beyond a brief recapitulation, the facts appearing in the opinion on the appeal from the Workmen's Compensation Board's decision (284 App. Div. 174, *supra*). Decedent, employed as an examiner by the State Insurance Fund, conferred at a club at Plattsburgh until late at night with Mr. Fortier, a representative of an assured of the State Fund, as to cases to be heard the next day. The men parted at the club after some discussion as to continuing the conference at the hotel where both had rooms. Mr. Fortier went directly to the hotel while decedent, allegedly for the purpose of getting some fresh air and accompanied by Mr. McDonald, an employee of the Special Fund Conservation Committee, operated his own automobile some miles in a direction away from the hotel and while so doing was involved in the accident which caused his death. His companion was asleep from the time he entered the car. The factual issues were, therefore, whether there was, in fact, a plan or an intention to continue the conference at the hotel and, if so, whether decedent abandoned it or otherwise deviated from his employment. Under the circumstances, the latter question had to be determined as a matter of inference from such facts as were subject to direct proof.

From the testimony of Mr. Fortier that he took a taxicab from the club to the hotel, arriving at the hotel about 1:00 A.M., and the testimony of Mr. McDonald that decedent and he left

the club about one-half hour after Mr. Fortier's departure, the Workmen's Compensation Board could find, as it did, that decedent and Mr. McDonald left "close to 1:00 A.M." and could and did find, from the testimony of the witness Corron (who did not testify before the Comptroller), and from other proof, that the accident occurred "between 1:00 and 1:30 A.M. * * * at a point * * * about seven miles from the Elks Club", thus allowing a minimal time lapse, during which a deviation from employment might or might not have occurred. On the other hand, the Comptroller could credit Mr. McDonald's testimony before him that decedent and Mr. McDonald left the club "in the vicinity of 12:30 or so" and could find from the testimony of a deputy sheriff that the accident occurred shortly before he was called at 1:45 A.M., thus substantially enlarging the time lapse and rendering more probable the contention that decedent had abandoned whatever plan existed for a later conference with Mr. Fortier, as these time factors would not have permitted a conference until some time after 2:00 A.M.

More important, however, the Workmen's Compensation Board was entitled to find from the testimony of Mr. Fortier that decedent and he had definitely agreed to meet at the hotel for a further conference, while the Comptroller, on the other hand, could properly reject Mr. Fortier's testimony and accept that of Mr. McDonald that, "I believe it was left somewhat indefinite as to whether they would actually get together, and I think that it was arranged that Mr. Daly would telephone Mr. Fortier if he wanted to continue the discussion".

Finally, as was pointed out in our opinion (284 App. Div. 174, 178) on the appeal from the decision and award of the Workmen's Compensation Board, claimant had the benefit of a presumption that the unexplained accident occurred in the course of employment. While the presumption may not be used as a substitute for evidence, when none exists (*Matter of Daus* v. *Gunderman & Sons*, 283 N. Y. 459), the board's findings and this court's affirmance were based on the existence of evidence sufficient to call for the application of the presumption and on the absence of evidence sufficient to rebut it. While there is no statutory presumption here, appellant urges the applicability of the common-law rule that a relationship, such as that of master and servant, "once shown to have existed, may be inferred or presumed to have continued until its non-existence has been established." (*Matter of Norris* v. *New York Central R. R. Co.*, 246 N. Y. 307, 311.) Assuming the common-law presumption applicable to the issue as to whether decedent was engaged in the performance of his duties, both the evidence

calling for its application and that tending to rebut it were to be tested and weighed by the Comptroller and it follows from the conclusions we have reached with respect to his findings that it cannot be held as a matter of law that they are unsupported by substantial evidence.

Under the substantial evidence rule by which the determinations of administrative bodies must generally be tested on judicial review, disparate results such as obtain in these two cases must occasionally occur, regrettable as such seeming inconsistency must appear. The likelihood of such differences is increased, when the ultimate fact, whether it be course of employment or performance of duty, partakes of the intangible and must rest largely upon inferences as to which reasonable minds may differ. Such differing results were in large measure avoided as a result of the decisions of *Matter of Slattery* v. *Board of Estimate & Apportionment* (271 N. Y. 346) and *Matter of Nash* v. *Brooks* (276 N. Y. 75) but the latter decision was followed by the enactment which is now subdivision b of section 85 of the Civil Service Law providing, in substance, that a determination by the Workmen's Compensation Board that benefits are payable by reason of an accidental disability or death shall not be or constitute a determination that an accidental disability retirement allowance or an accidental death benefit is payable by the State Employees' Retirement System. The effect of the statute so enacted is clearly stated in the opinion of Judge FULD, in which a majority of the court concurred, in *Matter of Owens* v. *McGovern* (309 N. Y. 449, 457–458) holding, "The Comptroller may not, of course, make a finding or render a determination completely unsupported by evidence, but, on the other hand, if his findings and conclusions do find support in the record, the courts have no alternative but to accept them, and that is so even though such a course might, as in the case now before us — just as in *Matter of McCadden* v. *Moore* (301 N. Y. 760, *supra*) — lead to a result at odds with that reached by the Workmen's Compensation Board. While that may be unfortunate, the fact is, as everyone recognizes, it was plainly contemplated by, and is the necessary consequence of, the amendment passed by the legislature to overcome the effect of our decisions in *Matter of Slattery* v. *Board of Estimate & Apportionment* (271 N. Y. 346) and *Matter of Nash* v. *Brooks* (276 N. Y. 75)."

The determination should be confirmed, without costs.

BERGAN, J. P., COON, HALPERN and ZELLER, JJ., concur.

Determination confirmed, without costs.