In the Matter of the Claim of MARGARET O'CONNOR, Appellant, against COMPLETE MACHINERY & EQUIPMENT COMPANY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by claimant from a decision of the Workmen's Compensation Board disallowing a claim for death benefits. Barton O'Connor, the deceased employee, was employed by Complete Machinery & Equipment Company, a New York corporation which was engaged in selling and renting heavy construction machinery to contractors. The employer furnished O'Connor an automobile for traveling from place to place and to and from work and paid his expenses. In June, 1944, the employer rented some machinery to one Longshore at Panama City, Florida, and sent O'Connor to supervise the installation and use thereof. On June 21, 1944, he started work on the Longshore job and from then on was on the Longshore payroll and was not on the payroll of Complete Machinery & Equipment Company, pursuant to the leasing agreement. The board has found that Complete Machinery & Equipment Company was the general employer and that Longshore was the special employer. On the night of July 1, 1944 at about 7:00 P.M., O'Connor travelled from his place of lodging with three casual acquaintances of his to go to a restaurant some distance away known as " The Old Dutch Inn " for dinner. O'Connor drove the Ford automobile furnished by his employer and his three companions travelled in a pickup truck. They stayed at the restaurant until about 10:00 P.M.; there is evidence that they did considerable drinking and there is opinion evidence that O'Connor was intoxicated. When they decided to leave the restaurant O'Connor asked one of his companions to drive him back to his place of lodging. On the way an accident occurred which resulted in O'Connor's death a short time thereafter. The board has found that O'Connor's death did not arise out of and in the course of his employment. So far as it appears in the record the trip to dinner was purely a personal mission and at the time of the accident O'Connor was being driven to his place of lodging. There seems to be no substantial evidence to indicate that the accident had anything to do with his work or that he was en route to any place related to his work. Claimant relies principally upon *Matter of Lewis* v. *Knappen Tippetts Abbett Eng. Co.* (304 N. Y. 461), and *Matter of Daly* v. *State Ins. Fund* (284 App. Div. 174), on the theory that the employee was a long distance from home and that his expenses were paid for eating and lodging, and that an accident resulting from any reasonable activity during the time he was so employed is covered. While there is a similarity between the case at bar and these cases, we do not think the board was bound by them. In the *Daly* case it was found that the employee was doing something connected with his employment. In the *Lewis* case, while the decedent was upon a personal mission, it was found to be a reasonable activity under the particular circumstances of that case. Moreover, in each of the two mentioned cases the Workmen's Compensation Board found the other way and the courts merely affirmed its findings of fact. Here the board has found as a fact that decedent was not engaged in the course of his employment and has disallowed an award. Upon this record we may not say as a matter of law that the board could not determine as a question of fact that decedent was not in the course of his employment at the time of his death. Decision unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.