In the Matter of the Claim of JOSEPH E. RIZZO, JR., Respondent, against SYRACUSE UNIVERSITY et al., Appellants. WORKMEN's COMPENSATION BOARD, Respondent.

Third Department, December 2, 1958.

*Hancock, Dorr, Ryan & Shove* (*John F. Gates* of counsel), for appellants.

*Louis J. Lefkowitz, Attorney-General* (*Gilbert M. Landy* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

*Morris Garber* for claimant-respondent.

BERGAN, J. Claimant was employed by Syracuse University in a scientific research project concerned with cosmic rays.

He was assigned to a laboratory at Echo Lake, Colorado, located in an isolated section of the Rocky Mountains at an altitude of 10,000 feet. The nearest town was 14 miles away.

The work went on seven days a week; the hours were long and irregular. The claimant and other physicists and research workers were required to live in a dormitory adjoining the laboratory; they ate in the laboratory.

Thus cut off by the isolation of the site from normal life, and held by the high altitude to restricted activity, the usual physical exercise and recreation of employees in the project was walking. Work of this sort could not be continued in such a place without expecting that some such activity be carried on as a necessary release from environmental tension and for the preservation of health.

In the course of taking such a walk at the suggestion of his superior, claimant fell when a rock ledge gave way; and he was injured. The original decision of the Workmen's Compensation Board was to dismiss the claim on the ground that in taking the walk the claimant had " separated himself from his employment ". We reversed this determination on a prior appeal taken by the claimant and remitted the claim to the board (2 A D 2d 641). The board has now made an award to claimant, and the employer and carrier appeal.

A description of the circumstances of claimant's injury set up in appellants' brief is that he " fell while taking a walk through the National Forest ". The broad recreational implications of this evaluation, suggesting a long mountain vacation, has little relation to the realities of claimant's situation; and the quotation of language from *Matter of Pasquel* v. *Coverly* (4 N Y 2d 28, 31) that " some merely personal indulgence or gratification " will not be treated as the basis of an accident arising " out of " the employment, seems to us even more remote from the actualities of the problem now before us.

When an employee is sent to work in a distant and inaccessible site where life is not only changed radically from its usual tenor, but in effect all normal social and physicial activity is cut off, the worker must be deemed to have become so completely absorbed in the environment of the work that nearly all the common risks of normal activity, to the extent such activity remains possible, come to lie within the general frame of employment. The employer should expect to take the risk of injury in steps which the employee takes to maintain physical and mental health in so unusual and completely controlled an environment as that here selected for the work.

Had the claimant been sent to the antipodes or sealed tightly in an experimental tank his person could scarcely have been more completely dedicated to the employer's work than was this claimant on the isolated mountain site.

To say that taking a walk for relief of the tension and isolation of this unique employment is to " separate himself from " it seems to us to carry the argument sharply against the full weight of authority and the clear direction of the decided cases.

If being assigned to duty in a foreign country brings reasonable recreational activities within the area of the work (*Matter of Lewis* v. *Knappen Tippetts Abbett Eng. Co.*, 304 N. Y. 461), being assigned to the high altitudes of the Rocky Mountains at the very least brings on the same result. The whole range of human activity and freedom are surrendered by the worker in the employment in one case quite as completely as in the other.

Decisions in *Matter of Daly* v. *State Ins. Fund* (284 App. Div. 174, motion for leave to appeal denied 307 N. Y. 942) and *Matter of Schreiber* v. *Revlon Prods. Corp.* (5 A D 2d 207) in which the court held that claims validly arose " out of the employment " suggest that the case before us should be similarly evaluated.

The walk taken by claimant was suggested by his superior in the work and we do not believe that it was negligent under the circumstances to step on the ledge in the course of the walk; in any event, common and not willful negligence is not a defense to the compensation claim, and the injury falls within the employment unless in taking the walk there had been a departure from employment. We are of opinion there was no such departure.

The award should be affirmed, with costs to the Workmen's Compensation Board.

FOSTER, P. J., GIBSON, HERLIHY and REYNOLDS, JJ., concur.

Award affirmed, with costs to the Workmen's Compensation Board.