Bergan, J.
(dissenting). The rule that “ personal acts ” of an employee which otherwise fall within the range of employ *541 ment are not compensable has not provided a satisfactory basis for meeting the statutory test whether an injury arises ‘ ‘ out of and in the course of employment ” (Workmen’s Compensation Law, § 2, subd. 7). And it has never been applied consistently.
In Matter of Lewis v. Knappen Tippetts Abbett Eng. Co. (304 N. Y. 461) it was held that when an employee was assigned to a foreign country to work, his recreational activities — there a sightseeing trip — fell Avithin the scope of employment. A similar decision was made in Matter of Scott v. U. S. O. Camp Shows (298 N. Y. 896) Avhere claimant, assigned to work in a foreign country, was returning to her place of work from a holiday in another foreign country when she was injured in an automobile accident (see, also, Matter of Lyons v. U. S. O. Camp Shows, 298 N. Y. 897).
In Matter of Daly v. State Ins. Fund (284 App. Div. 174, mot. for iv. to opp. den. 307 N. Y. 942), decedent, Avorking at a distance from home, Avas killed when taking an automobile ride at night to get some air. If these things Avere not “ personal acts ’ ’, it is not easy to suggest AAdiat Avould be.
The tendency of the cases has been to treat an employee working far from home as being in a very similar position to an employee working and living on the employer’s premises. That an injury has been due to ‘ personal acts ’ ’ has not been regarded as a ground for denial of compensation in such situations. A very recent example is Matter of Behan v. County of Onondaga (26 A D 2d 609, mot. for iv. to opp. den. 18 N Y 2d 579), Avhere an employee was injured when she slipped coming out of the bathroom and an award Avas upheld.
When an employer sends a worker far from home and thus removes him from his normal environment, the risk of injury in personal activity (as for example returning to a hotel from a restaurant after dinner [Matter of Schreiber v. Revlon Prods., 5 A D 2d 207]) should fall on the employment.
It is quite as logical and reasonable to hold this in a case such as the present one, as in the case of a Avorker who lives and works on the premises. In the present case during the time period involved, claimant lived and worked where the employer sent him. That was the ‘ ‘ premises ’ ’. And, since claimant perforce had to sleep and then had to dress to continue a *542 journey in the employment, an injury in the course of doing1 this ought to he included within the scope of coverage.
Had claimant fallen while taking off an overcoat in the employer’s cloakroom after coming in from cold weather, it could scarcely he thought his injury was not in the course of employment. What happened here was certainly less of a ‘ ‘ personal act ’ ’ than the sightseeing trip considered within the scope of employment in Knappen-Tippetts {supra).
The order should be affirmed.
Judges Van Voorhis, Scileppi and Breitel concur with Judge Burke; Judge Bergan dissents and votes to affirm in an opinion in which Chief Judge Fuld and Judge Keating concur.
Order reversed.