In the Matter of CHARLES L. BROWN, Appellant, against TOWNS OF GATES AND CHILI, MONROE COUNTY, NEW YORK, Respondents.

Fourth Department, November 10, 1943.

*Francis C. Wickes* for appellant.
*Eric P. Smith* for respondent Town of Gates.

*Joseph Wm. Taylor* for respondent Town of Chili.

*Per Curiam.* This proceeding was brought under subdivision Third of section 205 of the General Municipal Law to recover for injuries received. That subdivision provides that any active volunteer fireman " who shall receive injuries while performing his duties as such, * * * while attending any drill or inspection in which his company or department is engaged, * * * so as to necessitate medical or other lawful remedial treatment " shall be entitled to be reimbursed for his expenses and compensated for the time lost from his work.

The petitioner, an active member of the volunteer fire department of the towns of Gates and Chili, was injured on July 15, 1939, while attending a firemen's parade and inspection at Barnard, New York.

The chief of the fire department of the district posted a notice on the sign board, stating that the squad car would be in charge of No. 3 Company for parade at Barnard on that day. The notice directed that all men should go who would be permitted to absent themselves from work. Attendance at this parade and inspection was part of the service of the active volunteer firemen. The chief expected them to be present if they were given time off for it. They were to march in the parade on foot and while they were at Barnard they were under order of the chief.

On the day of the parade, the squad car left the fire house of Company No. 3 for Barnard with the petitioner and others riding in it. The men were wearing uniforms. As they neared the point where the parade was being formed, the parade marshal was directing the various rigs and was instructing the drivers where to line up. As the driver of the truck in which the petitioner was riding was attempting to reach the place of formation, he was told to back up and take a place on a side street and to park at the rear end thereof. The truck had gone past that street and it was necessary, therefore, to back it up in order to turn into that street. The truck backed up and then started ahead with a quick jerk, causing Brown to be thrown out, as a result of which he suffered injuries.

The truck belongs to the fire district of the towns of Gates and Chili. The district commissioners gave the chief permission to use the truck at his discretion. The battalion chief of each company assigned a driver to drive the squad car on the day on which his company was using it. The members of Company No. 3 who were taking part in the parade were inspected by the chief of the company before they formed in line. After such inspection the various companies fell in line in the places

assigned to them. As they marched, they were inspected by the reviewing judges.

These inspections are generally made in competition for prizes. The chief marches ahead of his company, and as they pass the reviewing stand, they are checked as to the way they wear their uniforms and as to the way they march. At the end of the parade the companies march into the carnival grounds and their motor vehicles are then inspected. Up to the point they are dismissed each company is under the orders of its chief who has control over all active members when his company parades.

Captain Foos, of the Rochester Fire Department, was one of the judges reviewing the companies in the parade on the day of the accident.

One of the purposes for which the volunteer firemen went to Barnard was that their respective companies might be inspected in competition for the prizes offered.

Webster's International Dictionary defines the word "inspect" as "to view and examine officially, as troops" et cetera. The noun "review" is defined in the same dictionary as "an inspection, as of troops", et cetera.

We believe that the word "inspection", as used in the statute, is intended to apply to parades in which volunteer firemen are reviewed and inspected.

Furthermore, we are of the opinion that the company of which Brown is a member did benefit by this parade and inspection. Of course, a volunteer company has to provide something entertaining as an incentive for its members to remain in it and to attract new members. Undoubtedly, these parades and inspections keep the volunteer firemen interested in their respective companies and imbue other young men of the community with a desire to become members of their local fire company.

The orders appealed from should be reversed on the law and the facts, with ten dollars costs and disbursements, and the relief prayed for in the petition should be granted, and the matter should be remitted to the County Judge of Monroe County to proceed in accordance with this opinion.

Certain findings of fact are disapproved and reversed.

All concur. Present — Crosby, P. J., Cunningham, Taylor, Harris and McCurn, JJ.

Orders reversed on the law and facts with ten dollars costs and disbursements and matter remitted to the County Judge of Monroe County for further proceedings in accordance with the opinion. Certain findings of fact disapproved and reversed.