In the Matter of CAROLINE R. HUTTER, as Executrix of CAROLINE C. SCHIRMUHLY, Deceased, and as Administratrix C. T. A. of THEODORE D. SCHIRMUHLY, Deceased, Petitioner, against TOWN OF BROOKHAVEN, Respondent.

County Court, Suffolk County, January 11, 1954.

*Ehman & Marino* for petitioner.

*Philip J. Caputo* for respondent.

HAZLETON, Surrogate as Acting County Judge. This is a proceeding by the representative of a volunteer fireman to recover the sum of $3,000 under section 205 of the General Municipal Law upon the ground that deceased suffered accidental injuries resulting in his death while he was on his way with his fire company to attend the parade and bazaar of a neighboring fire company.

The respondent, through its insurer, denies responsibility contending that the provisions of said section 205 are not applicable. I do not subscribe to such contention.

From the facts which are not in dispute, it appears that at the time the deceased was injured, he was a volunteer fireman and a member of the Selden fire department in Suffolk County. He was on a fire truck which was on its way to the Terryville fire department parade and bazaar. The Terryville fire department had invited the Selden fire department and its members to take part and participate in the parade and bazaar which was going on in Terryville between August 4th and August 8th, 1952. The Selden fire department had accepted the invitation and with the approval of its chief was participating. The deceased was standing on the fire truck while it was proceeding to Terryville on its way to the parade and bazaar, fell off the truck and died the following day.

It is contended by respondent that participation by the deceased in the parade and bazaar was not a participation in volunteer fireman duties within the meaning of said section 205, and respondent cites the case of *Niebuhr* v. *Board of Fire Comrs., Millwood* (279 App. Div. 698) in support of its position. It should be noted that the accident out of which that case arose happened on August 7, 1948, while the accident we are concerned with occurred on August 7, 1952. The language of section 205 of the General Municipal Law was different in October, 1948, from what it was in August, 1952. By enactment of chapter 836 of the Laws of 1951 the words ''parade or'' were added so that subdivision 3 of section 205 now reads '' Any such volunteer fireman who shall receive injuries while performing his duties as such * * * or while attending any drill or parade or inspection in which his company or department is engaged''. The thought back of this amendment of 1951 is well expressed in *Matter of Brown* v. *Towns of Gates and Chili* (266 App. Div. 640, 642), concerning an incident occurring in 1939 in this language: ''Furthermore, we are of the opinion that the company of which Brown is a member did benefit by this parade and inspection. Of course, a volunteer company has to provide something entertaining as an incentive for its members to remain in it and to attract new members. Undoubtedly, these parades and inspections keep the volunteer firemen interested in their respective companies and imbue other young men of the community with a desire to become members of their local fire company.''

I believe this is the first proceeding to come before a court since the enactment of the remedial legislation in 1951. It is my opinion that when deceased was on the truck proceeding on its way to Terryville to participate in the Terryville fire depart-

ment parade and bazaar, he was clearly engaged in an act included within the purview of the protective provisions of subdivision 3 of section 205 of the General Municipal Law. It follows that the relief prayed for in the petition should be granted.

Enter order accordingly on notice.