In the Matter of CAROLINE R. HUTTER, as Executrix of CAROLINE C. SCHIRMUHLY, Deceased, and as Administratrix C. T. A. of THEODORE D. SCHIRMUHLY, Deceased, Petitioner, against TOWN OF BROOKHAVEN, Respondent.

County Court, Suffolk County, August 25, 1954.

*Ehman & Marino* for petitioner.

*Philip J. Caputo* for respondent.

HAZLETON, Acting County Judge. After filing my decision in this proceeding (205 Misc. 1), additional testimony was taken upon consent of all parties. The chief engineer of the Selden fire department of which deceased was a member testified his department received from the Terryville fire department an invitation to attend a parade and fair being held by the Terryville department. The executive committee and the membership of the Selden department voted to attend the occasion and a notice was posted on the bulletin board instructing the men as to what uniforms were to be worn. This procedure of accepting an invitation was the established practice of the department.

The following questions and answers are helpful:

" Question: And the purpose is to raise funds for the fire department?

" Answer: It is.

" Question: And to make those affairs a success, why the surrounding departments chip in and appear at the other departments' affairs?

" Answer: Yes.

" Question: Did the decedent Theodore Schirmuhly report that evening in uniform to attend this parade?

" Answer: Yes, he did.

" Question: Did you inspect him along with the other members of your department?

" Answer: The usual way.

" Question: Did you check him off in the attendance records?

" Answer: Yes.

" Question: Was their attendance record kept?

" Answer: Yes.

" Question: And these attendance records that are kept, are they part and parcel of the mens' general attendance; do they count as well as fire calls and other fire duties?

" Answer: They do."

The respondent, who is in fact the insurance carrier, urges that since attendance at the parade on the part of the firemen was voluntary, that the incident does not come within the provisions of subdivision 3 of section 205 of the General Municipal Law. In other words the carrier contends that if the members of the Selden fire department had been ordered to parade under penalty, fine or otherwise in the event of a failure to appear that then the parade and attendance at the fair would be considered an activity covered by section 205. Such reasoning to my mind is unsound in spite of the decision in *Matter of Niebuhr v. Board of Fire Comrs.* (279 App. Div. 698), which concerns an incident back in 1948, before subdivision 3 of section 205 had been amended in 1951. Young men do not become firemen merely to put out fires. They like to parade, drill, and compete in tournaments where their friends will see them so that encouragement and inspiration can be given to other young men to join the department. These occasions mean much in rural communities. In this way the members are kept together and their *esprit de corps* sustained. Section 205 as amended

provides that one shall be compensated for injuries "while attending any drill or parade or inspection in which his company or department is engaged". The statute does not read ordered or compelled to be engaged — but just engaged.

I believe that the deceased suffered the injuries from which he later died while properly participating in an activity in which his fire company was engaged. I, therefore, see no reason why I should divert from my original decision, which granted the application of the petitioner, the widow of deceased, and directed an award in the sum of $3,000. In fact this additional evidence seems to fortify my original decision.