In the Matter of HANS WEISS, Appellant, against FRANKLIN SQUARE AND MUNSON FIRE DISTRICT OF THE TOWN OF HEMPSTEAD, NEW YORK, Respondent.

Argued April 26, 1955; decided July 8, 1955.

*Fred A. Williams* and *Jules Martin* for appellant.   I. A denial of recovery under section 10 of the Workmen's Compensation Law is not *res judicata* in this proceeding under section 205 of the General Municipal Law since section 10 is narrower in scope then section 205.   (*Matter of Slattery* v. *Board of Estimate & Apportionment,* 271 N. Y. 346; *Ogino* v. *Black,* 304 N. Y. 872.)

II. It is the law of the case as between the parties that the Workmen's Compensation Law is narrower than the General Municipal Law.

*William H. Stieglitz, Bernard Katzen* and *Harry Schechter* for respondent. I. Where the volunteer fireman made application for workmen's compensation to the Workmen's Compensation Board pursuant to section 10 of the Workmen's Compensation Law resulting in a dismissal of the claim on the merits, the board's determination was *res judicata* in a proceeding brought in the County Court to recover benefits pursuant to subdivision 3 of section 205 of the General Municipal Law based upon the same provable facts between the same parties. (*United States* v. *Grunstein & Sons Co.*, 127 F. Supp. 907; *Commissioners of State Ins. Fund* v. *Low*, 285 App. Div. 525; *Matter of Knapp* v. *Syracuse Univ.*, 308 N. Y. 274; *Matter of Brown* v. *Towns of Gates & Chili*, 266 App. Div. 640, 292 N. Y. 663; *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304.) II. The provisions of the Workmen's Compensation Law being broader and more comprehensive than the provisions of the General Municipal Law, the determination of the facts in a compensation claim by the Workmen's Compensation Board that respondent has no claim under the Workmen's Compensation Law is *res judicata* and binding upon the County Court upon an application for benefits under section 205 of the General Municipal Law, based on the same facts. (*Matter of Slattery* v. *Board of Estimate & Apportionment*, 271 N. Y. 346; *Matter of Connelly* v. *Samaritan Hosp.*, 259 N. Y. 137; *Fitzgerald* v. *Clarke & Son*, [1908] 2 K. B. 796; *Matter of Young* v. *Town of Kortright*, 148 Misc. 431, 241 App. Div. 188; *Matter of Post* v. *Burger & Gohlke*, 216 N. Y. 544; *Matter of Bennett* v. *Marine Works*, 273 N. Y. 429; *Matter of Bowen* v. *Saratoga Springs Comm.*, 267 App. Div. 928; *Matter of Fagan* v. *Albany Evening Union Co.*, 261 App. Div. 861; *Matter of Holst* v. *New York Stock Exch.*, 252 App. Div. 233; *Matter of Kenny* v. *Lord & Taylor*, 254 N. Y. 532; *Cardillo* v. *Liberty Mut. Co.*, 330 U. S. 469; *Cudahy Co.* v. *Parramore*, 263 U. S. 418; *Matter of Heitz* v. *Ruppert*, 218 N. Y. 148; *Tedesco* v. *General Elec. Co.*, 305 N. Y. 544.) III. The provisions of the Workmen's Compensation Law and the General Munici-

pal Law have been integrated so that the volunteer fireman may invoke the jurisdiction under either law and the determination thereunder will be binding in any proceeding under the other. (*Bauman* v. *Town of Irondequoit,* 204 Misc. 494; *Merkle* v. *110 Glen St. Realty Corp.,* 282 App. Div. 617.)

BURKE, J. This appeal tenders only the issue as to whether a proceeding under the Workmen's Compensation Law by this petitioner is *res judicata* in a subsequent proceeding brought by him under section 205 of the General Municipal Law. The facts which present the issue are not in dispute.

The petitioner, a volunteer fireman, suffered injuries while attending a parade and competitive drill in which his fire department was engaged. Thereafter he applied for compensation pursuant to the provisions of the Workmen's Compensation Law. An award was made by the referee to the petitioner and, upon review therefrom by the Workmen's Compensation Board, the determination of the referee was reversed and the claim dismissed. No appeal was taken. The board held that the petitioner's participation in the tournament was voluntary and, hence, did not arise out of and in the course of employment. The petitioner thereafter brought a proceeding in the County Court of Nassau County for the benefits and medical disbursements provided for volunteer firemen injured while performing firemanic duties under section 205 of the General Municipal Law. The respondent stipulated that if testimony were taken on the petition, the petitioner could sustain the allegations set forth in the petition and that the only issue before the County Court for determination was the validity of the affirmative defense contained in the answer to the petition, which defense alleged that the determination of the Workmen's Compensation Board was *res judicata* in a proceeding to recover benefits pursuant to section 205 of the General Municipal Law. The County Court granted judgment in favor of the petitioner. The Appellate Division reversed.

The rule in determining whether a judgment or determination under one statute is a bar to another proceeding under a different statute was reviewed in *Matter of Slattery* v. *Board of Estimate & Apportionment* (271 N. Y. 346). This court held that unless

cases may be postulated where injuries are not covered by the compensation statute but are covered by the broader provisions of another statute, the determination of the board is binding.

In this case, the rule of finality does not apply. There are essential differences between the two statutes. Section 205 of the General Municipal Law is a broader statute and not substantially identical with section 10 of the Workmen's Compensation Law. The legislative intent that the statutes were to serve different purposes insofar as they protect volunteer firemen is evident from the enumeration in the General Municipal Law (§ 205, subd. 3) of activities other than those which might be designated solely as employment as a fireman. It specifically provides for compensation to a volunteer fireman injured in the performance of his duties '' while attending any drill or parade or inspection in which his company or department is engaged ''. Such activities are not referred to in the Workmen's Compensation Law.

Compulsion is not the test as a volunteer fireman is not subject to the usual restraints imposed as conditions of employment. We have decided that the Legislature intended that if a volunteer fireman was injured in performing a voluntary firemanic act which was authorized, permitted or approved by a competent authority within his department, he should be compensated within the limits prescribed by section 205 of the General Municipal Law (L. 1951, ch. 836). (*Matter of Brown* v. *Towns of Gates & Chili,* 266 App. Div. 640, affd. 292 N. Y. 663.) Thus an adjudication against a volunteer fireman in a compensation proceeding does not include an adjudication that all factors are present which would constitute a valid claim for benefits under the General Municipal Law.

Here we have an instance where the fireman is covered by the provisions of section 205 of the General Municipal Law and not by the provisions of the Workmen's Compensation Law. The determinations of the Workmen's Compensation Board are final and conclusive upon the parties only as to issues within its jurisdiction. (*Ogino* v. *Black,* 304 N. Y. 872.) The issue submitted for disposition now was not within the jurisdiction of the board. Therefore the determination of the board does not constitute a bar to this proceeding.

The order of the Appellate Division should be reversed and that of the County Judge reinstated, with costs.

CONWAY, Ch. J., DESMOND, DYE, FULD, FROESSEL and VAN VOORHIS, JJ., concur.

Order reversed, etc.