309 N.Y. 52 (1955)
In the Matter of Hans Weiss, Appellant,
v.
Franklin Square and Munson Fire District of the Town of Hempstead, New York, Respondent.
Court of Appeals of the State of New York.
Argued April 26, 1955.
Decided July 8, 1955
Fred A. Williams and Jules Martin for appellant.
William H. Stieglitz, Bernard Katzen and Harry Schechter for respondent.
CONWAY, Ch. J., DESMOND, DYE, FULD, FROESSEL and VAN VOORHIS, JJ., concur.
*54 BURKE, J.
This appeal tenders only the issue as to whether a proceeding under the Workmen's Compensation Law by this petitioner is res judicata in a subsequent proceeding brought by him under section 205 of the General Municipal Law. The facts which present the issue are not in dispute.
The petitioner, a volunteer fireman, suffered injuries while attending a parade and competitive drill in which his fire department was engaged. Thereafter he applied for compensation pursuant to the provisions of the Workmen's Compensation Law. An award was made by the referee to the petitioner and, upon review therefrom by the Workmen's Compensation Board, the determination of the referee was reversed and the claim dismissed. No appeal was taken. The board held that the petitioner's participation in the tournament was voluntary and, hence, did not arise out of and in the course of employment. The petitioner thereafter brought a proceeding in the County Court of Nassau County for the benefits and medical disbursements provided for volunteer firemen injured while performing firemanic duties under section 205 of the General Municipal Law. The respondent stipulated that if testimony were taken on the petition, the petitioner could sustain the allegations set forth in the petition and that the only issue before the County Court for determination was the validity of the affirmative defense contained in the answer to the petition, which defense alleged that the determination of the Workmen's Compensation Board was res judicata in a proceeding to recover benefits pursuant to section 205 of the General Municipal Law. The County Court granted judgment in favor of the petitioner. The Appellate Division reversed.
The rule in determining whether a judgment or determination under one statute is a bar to another proceeding under a different statute was reviewed in Matter of Slattery v. Board of Estimate & Apportionment (271 N.Y. 346). This court held that unless *55 cases may be postulated where injuries are not covered by the compensation statute but are covered by the broader provisions of another statute, the determination of the board is binding.
In this case, the rule of finality does not apply. There are essential differences between the two statutes. Section 205 of the General Municipal Law is a broader statute and not substantially identical with section 10 of the Workmen's Compensation Law. The legislative intent that the statutes were to serve different purposes insofar as they protect volunteer firemen is evident from the enumeration in the General Municipal Law (§ 205, subd. 3) of activities other than those which might be designated solely as employment as a fireman. It specifically provides for compensation to a volunteer fireman injured in the performance of his duties "while attending any drill or parade or inspection in which his company or department is engaged". Such activities are not referred to in the Workmen's Compensation Law.
Compulsion is not the test as a volunteer fireman is not subject to the usual restraints imposed as conditions of employment. We have decided that the Legislature intended that if a volunteer fireman was injured in performing a voluntary firemanic act which was authorized, permitted or approved by a competent authority within his department, he should be compensated within the limits prescribed by section 205 of the General Municipal Law (L. 1951, ch. 836). (Matter of Brown v. Towns of Gates & Chili, 266 App. Div. 640, affd. 292 N.Y. 663.) Thus an adjudication against a volunteer fireman in a compensation proceeding does not include an adjudication that all factors are present which would constitute a valid claim for benefits under the General Municipal Law.
Here we have an instance where the fireman is covered by the provisions of section 205 of the General Municipal Law and not by the provisions of the Workmen's Compensation Law. The determinations of the Workmen's Compensation Board are final and conclusive upon the parties only as to issues within its jurisdiction. (Ogino v. Black, 304 N.Y. 872.) The issue submitted for disposition now was not within the jurisdiction of the board. Therefore the determination of the board does not constitute a bar to this proceeding.
*56 The order of the Appellate Division should be reversed and that of the County Judge reinstated, with costs.
Order reversed, etc.