Matthew M. Levy, J.
The defendant Bandforce Amusement Corp. has moved, pursuant to rule 113 of the Buies of Civil Practice, for summary judgment dismissing the complaint, on the ground that its second affirmative defense — a plea of res judicata — is sufficient as a matter of law, the defense being founded on proof by documents and official records.
*363 The papers before me are voluminous, but the material facts may be stated in briefest form. They are as follows: The plaintiff was a maintenance worker in the employ of the defendant Randforce. His task was to perform repair jobs at theatres operated by the defendant. In June, 1954, the plaintiff filed a claim for compensation with the Workmen’s Compensation Board wherein he alleged that, some time between December 8 and 15, 1953, at about 4:00 p.m., while on the premises of the Carroll Theatre (operated by the defendant Randforce), he sustained an injury as he was about to make a repair. A hearing was duly held before a board referee. The plaintiff, as claimant seeking an award for compensation under the Workmen’s Compensation Law, testified in substance before the referee that he did not remember the exact day on which the accident happened. He placed the occurrence at about the hour and during the period set forth in his claim. He further testified that he did not remember whether he had received a written order to make some repairs at the theatre in question or whether he was orally told to do so. Evidence adduced on behalf of the defendant Randforce, as employer, tended to negate the claimant’s contention that he was asked to make the repairs referred to, that he was at the premises in question, that any accident happened there as claimed or that any claim of an accident was made until months later. At the close of the hearing, the referee concluded that “ [ajfter hearing all the testimony I am convinced that there was no accident on December 15, 1953, or within that particular month. I find no industrial accident. Claim disallowed. Case closed.” The notice of decision signed by the chairman of the Workmen’s Compensation Board reads: “No industrial accident & claim disallowed.” On appeal by the claimant, the decision of the referee was affirmed by the board panel “ on the ground that claimant did not sustain an accident.” An application made by the claimant for rehearing was denied by the board in a memorandum decision which stated that ‘ ‘ the Board believes that the claim was an afterthought and that the alleged accident did not occur.”
The plaintiff then instituted this action charging the defendant Randforce (as operator of the theatre) and also the defendant Nelrach Theatres, Inc. (the owner of the theatre) with negligence in maintaining the premises where the alleged accident took place and in causing the occurrence. The complaint pleads that the accident occurred on or about December 8,1953, and the bill of particulars sets the time of the happening at 4 o’clock on December 8. It is evident from a reading of the transcript of the minutes of the hearing before the Workmen’s Compensation *364 Board and a reading of the pleadings in this action that the accident upon which the cause alleged herein is based is the same accident as that upon which the plaintiff grounded his claim for compensation.
That in one instance the ruling reads that there was ‘ ‘ no industrial accident ’ ’ and in others that there was ‘ ‘ no accident ’ ’ is a seeming semantic confusion that need not concern or detain us. On all of the documents before me I have come to the conclusion that the finding of the board was that there was no accident — either within or without the scope of the claimant’s employment — and that the use of the word “industrial” was merely a routine formalism, expressing, in the circumstances here, that the claimant was unable to recover in pursuance of the Workmen’s Compensation Law. Under the issues pleaded and litigated, under the facts presented and controverted, before the board, it is clear that the plaintiff would have been entitled to workmen’s compensation if there w'as an accident at all. Therefore, the holding — if such it was — that there was no “industrial” accident, could mean only that no accident whatever had occurred.
The substantive question urged upon me by the plaintiff on this submission is whether a decision of the Workmen’s Compensation Board stating* that no accident occurred and denying compensation to the plaintiff for an injury can be pleaded in bar of the plaintiff’s common-law action in negligence for the same injury. I agree with the contention of the plaintiff that “ [t]he determinations of the Workmen’s Compensation Board are final and conclusive upon the parties only as to issues within its jurisdiction ” (Matter of Weiss v. Franklin Square & Munson Fire Dist., 309 N. Y. 52, 55) and that the duty of the board is to determine whether there is an “ injury arising out of and in the course of the employment ” (Workmen’s Compensation Law, § 10). But the further argument of the plaintiff that the finding that there was no accident at all was beyond the board’s powers and, therefore, not res judicata is a non sequitur.
Karameros v. Luther (279 N. Y. 87 — not cited by counsel), gave me some pause on first reading, but, upon study, I find the case to be quite distinguishable from the one at bar. The issue there was whether a finding of marriage in a separation ■suit grounded upon cruelty (and which action was dismissed because of absence of proof of cruelty) was res judicata of the issue of the validity of the marriage in a subsequent annulment action based upon incapacity to enter into the marriage. It is clear that the alleged cruelty relied upon as a ground for separation was completely separable from the fact of marriage. *365 The court said (p. 92): “ The defendant urges that the question of marriage was an issue in the separation action since, if she had been successful, it would have been necessary for her to prove not only a ground for separation but also that she and the plaintiff were married. In the separation action, however, the court found against her and decided the case on the basis of the absence of statutory grounds for a separation. Therefore, a finding in her favor on the question of marriage was not at all material to the determination of the case. To a contrary holding it might have been a material issue; to the actual holding it was not at all material.” (Cf. Statter v. Statter, 2 N Y 2d 668.) But in the present case, it must be obvious as a matter of logic and procedure that, before or at the same time that the board is able to inquire into the issue as to whether there was an accident with respect to which it might award compensation under the statute, it must first or concurrently necessarily ascertain that there was in fact an accident. That issue is a crucial and definitive one in every proceeding instituted under the compensation statute, as it is in respect of every negligence action instituted at common law.
That is true whether the claim is dismissed or an award granted the claimant. The Workmen’s Compensation Board had jurisdiction to determine all material facts which have such a relation to the issue that their determination was necessary to the decision of the issue. The fact of the accident was such a material fact, and indeed it was the material issue litigated before the board. In Matter of Levy v. American Furniture-Jewelry Corp. (286 App. Div. 1052) there was a serious conflict between the testimony of the claimant and his witnesses and the employer’s insurance carrier and its witnesses on the issue of the happening of the accident. The board disbelieved the claimant and found that no such accident occurred. The court stated that “ [t]his was a permissible conclusion for the board to reach upon the whole record.” Similarly, in the case at bar, it is plain that if there were in fact no accident, there would be no need further to inquire (before the board) into the assertion that the alleged accident arose out of and in the course of the claimant’s employment, or to inquire (before the court) into the plaintiff’s allegation that the claimed accident occurred because of the negligence of the defendant. In my view, whether or not an accident occurred is an “ essential fact ” put in issue in both proceeding and action (Silberstein v. Silberstein, 218 N. Y. 525,528).
The happening of the accident to the claimant was controverted by the employer and placed directly in issue before the *366 board, just as it is now sought to be placed in issue by the plaintiff before the court. That issue was litigated by the parties before the board. The determination there is binding on this court and is res judicata of the same issue in this action between the same parties (Ogino v. Black, 304 N. Y. 872; cf. Matter of Weiss v. Franklin Square & Munson Fire Dist., 309 N. Y. 52, supra). Where “ two causes of action have such a measure of identity that a different judgment in the second would destroy or impair the rights or interest established by the first”, the first is conclusive (Schuylkill Fuel Corp. v. Nieberg Beatty Corp., 250 N. Y. 304, 307). “ A judgment on the merits precludes another action based on the same foundation facts — in a special sense, the same cause of action — even though a different theory for similar relief is set forth ” (Breitel, J. P., for the court, in Eidelberg v. Zellermayer, 5 A D 2d 658, 663). That the “ claimant ” is now called a “ plaintiff ” and the “ employer ” is called a “ defendant ” is a change of nomenclature, but not of status. The forum is not the same, but the issue is.
In sum, I hold that the determination of the board that there was no accident was within its competence, and, as such, it is res judicata of the plaintiff’s action at law against his employer, based upon the allegation that there was an accident in fact. In consequence, the defendant’s motion for summary judgment dismissing the complaint is granted.
Settle order.