Matthew M. Levy, J.
One Isadore Schnall was an employee of the defendant Marcy Paper Box Co., Inc. Marcy occupied certain premises where Schnall worked. A fire broke out there. Schnall and the other occupants of the structure were evacuated, but Schnall returned to the burning building, was thereafter found charred in the ruins and died upon arrival at the hospital to which he had been removed. He had no wife or children or other dependents. Left him surviving were brothers and sisters, nieces and nephews. One of these brothers is Sam Schnall, who was duly appointed administrator of the goods, chattels and credits of the deceased.
The administrator instituted this action for wrongful death against the defendant Marcy and the company owning and controlling the subject building. In the complaint it is alleged, among other things, that the decedent’s injuries and demise were caused solely as a result of the negligence of the defendants and by their failure to comply with the provisions of the Employers ’ Liability Law in that they did not have proper means of ingress and egress in and upon the premises and that they did not have installed therein proper fire extinguishing equipment. It is further alleged that the Employers’ Liability Law provides a cause of action to the employee where the employer has failed to comply with the requirements of the Law, and that the provisions of the Workmen’s Compensation Law are not applicable, and that the plaintiff has no remedy thereunder. In its answer the defendant Marcy alleged that the Workmen’s Compensation Law does apply, that there was insurance cover *289 age thereunder, that proceedings were had before the Workmen’s Compensation Board in which it was determined that the deceased was injured and died in the course of his employment, that an award had been made against the defendant Marcy and its workmen’s compensation insurance carrier, which was duly paid and that thus there was a final adjudication binding upon the plaintiff and that, consequently, the plaintiff has no cause of action at law against the defendant Marcy.
The defendant Marcy has moved before me for summary judgment dismissing the complaint. The defendant alleges that the proceedings before the Workmen’s Compensation Board “ were brought on behalf of the deceased’s estate by Sam Schnall, as Administrator ”, that it “ is clear that the parties Sam Schnall, as Administrator on behalf of Isadore Schnall, deceased, and the employer, Marcy Paper Box Co., Inc., together with the claimant’s attorney, Barnett L. Kulak, were identical in the proceedings had before the Workmen’s Compensation Board and in the present action.” It is further alleged by the defendant Marcy that certain awards were made by the board against the defendant Marcy and its insurance carrier and that payments were duly made thereof, and that “ [t]hese awards and payments are conclusive against the parties thereto. * * * [T]he benefits of that award was [sic] accepted and received by Sam Schnall, as Administrator of Isadore Schnall. The determination of the Workmen’s Compensation Board is res judicata against these parties and conclusively binds them, * * * [that this] prior legal proceeding * * * has determined the facts, resulting in a prior adjudication of the issues therein which determination is binding on the parties in the present action in this Court; * * * that any claim of the plaintiff herein must by law be confined to recovery under workmen’s compensation coverage and that the award made pursuant thereto by the Workmen’s Compensation Board has determined the issues herein between the Estate of Isadore Schnall and the defendant, Marcy Paper Box Co., Inc., with the result that this Court has no jurisdiction of the present action and the plaintiff in the present action has no right of action in law against the defendant, Marcy Paper Box Co., Inc.”
The plaintiff contests the motion upon two grounds: First, that, where the employee’s injuries are not compensable under the Workmen’s Compensation Law, resort to that Law is not the exclusive remedy, and that, since under that statute, the only persons entitled to receive compensation are a wife and child surviving the decedent (§ 16), and that since there were no such dependents who survived the decedent in the case at bar, no *290 claim for compensation conld lie or was made. The second ground is that because there were no dependents entitled to recovery under the Law, the board itself, through its counsel, was the protagonist before the board, the proceedings being brought solely for the purpose of securing the benefits then arising under the statute for the “ Vocational Rehabilitation Fund” (§ 15, subd. 9) and the 1 ‘ Fund for Reopened Cases ” (§ 25-a), and that the plaintiff was merely reimbursed for the funeral expenses incurred by him in the burial of his deceased brother (§ 16, subd. 1). There is no dispute that such awards were made upon a finding that there was accidental injury with resulting death arising from employment, but the binding effect thereof is denied in that the plaintiff claims not to have been a party to the proceeding other than to obtain reimbursement as aforesaid for funeral expenses.
The Legislature has established the Workmen’s Compensation Law as the exclusive remedy in those areas wherein it is applicable (§ 11). The sole recourse that an injured employee, his dependents or representative may have against the employer for injuries or death resulting from the employment is through the Workmen’s Compensation Board. The only time that this is not true is where the injured employee would have no recourse against the employer under the Law. It is upon this theory that the plaintiff administrator bases his case; that is, he contends that since he can receive no benefits from the Workmen’s Compensation Law, he should therefore be permitted to maintain an action under the Decedent Estate Law (§ 130).
However, the exception to the rule laid down in the Workmen’s Compensation Law is not so broad as the plaintiff seems to believe. The only time that the representative of a deceased employee may recover from the employer at law would be where the employee, had he lived, would have been able to maintain an action against the employer. The leading case in this area is Shanahan v. Monarch Eng. Co. (219 N. Y. 469). The decedent, covered by workmen’s compensation, was killed while at work. He left surviving no dependents who could claim compensation. He was survived only by adult brothers and sisters who sought to maintain an action against the employer. The court in speaking of the death benefits provided for in the Law stated (p. 476): ‘ ‘ A certain liability is imposed for death, and that liability exclusive. No other responsibility is left which springs from the occurrence upon which liability rests — death — and the effect of the compensation as a satisfaction of all other claims is in no way limited or impaired by the circumstances of the identity of the persons to whom it is paid or because in a given *291 case no one survives to take advantage of the statute.” The court remarked that the Legislature intended to and did extend the benefits of the statute as far as it seemed necessary to accomplish its purpose, which was to provide compensation for those who had to rely upon the deceased for support (pp. 477-478). (See, also, Parsons v. Robinson, 53 N. Y. S. 2d 400, where the plaintiffs’ decedents were killed in the course of their employment. The employer had complied with all the provisions of the Workmen’s Compensation Law. The court ruled that the only remedy would be under that statute and that that was so even though the plaintiffs were not able to claim under it.)
The precedents cited by the plaintiff in his memorandum may be distinguished from the present situation. The cases of Barrencotto v. Cocker Saw Co. (266 N. Y. 139) and Scherini v. Titanium Alloy Co. (286 N. Y. 531) are cited by the plaintiff as authorities for the quotation taken from Schwartz v. Queensboro Farms Prods. (191 Misc. 778, 779-780) as follows: “ Plaintiff’s theory and allegation, however, are that the things of which he complains are outside the field of the Workmen’s Compensation Law, i.e., are things for which that law does not provide compensation; and if it be true that that law does fail to provide compensation for the things of which plaintiff complains, then the court has jurisdiction of the subject matter and the complaint is sufficient, for the remedy provided in that law is exclusive only where it in fact provides a remedy (Barrencotto v. Cocker Saw Co., 266 N. Y. 139; Scherini v. Titanium Alloy Co., 286 N. Y. 531, 537) Even when taken by itself, this quotation would seem to support the plaintiff’s contention only upon a strained construction. And, when viewed within the framework of the cases as a whole, it will be seen that it actually supports the defendant’s position. For, these three cases all involve death claims resulting from certain ‘1 on-the-job ” injuries which at that time were not compensable injuries listed in the Workmen’s Compensation Law. In each of them, the plaintiff’s decedent could have maintained an action in court against the employer because that law, as it then existed, did not provide any remedy.
The other two cases cited by plaintiffs are also not applicable. Conway v. Hamilton Overseas Contr. Corp. (120 N. Y. S. 2d 672, affd. 283 App. Div. 1011, motion for leave to appeal to Court of Appeals or for reargument denied 284 App. Div. 846) was a contract case. The question was whether an employee could, by agreement in respect of an overseas job, have the New York Workmen’s Compensation Law apply to him. The court held that, if it was determined that that statute would apply, then *292 the employee’s wife could not maintain an action at law for the wrongful death of the employee. Flamm v. Bethlehem Steel Co. (18 Misc 2d 154) was a fraud action. The employee was permitted to sue the employer at law because such an action was not barred by the similar statute there involved. The court said, in part (p. 157): “ This being an injury wilfully inflicted, and not an ‘ accidental injury * * * arising out of and in the course of employment,’ as specified in section 902 of the Federal compensation act, it must follow, and it is not otherwise contended, that plaintiff would not be entitled to obtain compensation therefor under the statute.”
In the case at bar, the remedy was exclusively before the Workmen’s Compensation Board, and jurisdiction to entertain this suit cannot be culled from the fact that the persons for whose benefit this action is brought happen to be persons not compensable under the Workmen’s Compensation Law in a situation where there had been no dependents compensable under that law. If the decedent had lived he would have been entitled to a compensation award; and if he had been survived by a dependent, the latter would have been entitled to such an award.
I shall assume at this point that, in order for the exclusive remedy under the Workmen’s Compensation Law to obtain here as the controlling principle and for the matter of coverage to have effect as a binding adjudication, there must not only have been a finding by the board of an accident in the course of employment, but also that such finding must have been made in a proceeding before the board in which the decedent, or the plaintiff as his administrator, was a party (cf. Ogino v. Black, 304 N. Y. 872; Matter of Weiss v. Franklin Sq. & Munson Fire Dist., 309 N. Y. 52, 55).
On the facts on that issue, the defendant is in error in asserting that the proceedings before the Workmen’s Compensation Board were instituted by the administrator. This inaccuracy on the defendant’s part adequately appears from the records of the board submitted to me. But institution is not a prerequisite. (Cf. Meaney v. Keating, 305 N. Y. 660.) Participation, at the least, suffices. On the other hand, the plaintiff is in error in asserting in his brief that the 1 ‘ proceedings were conducted exclusively by the Workmen’s Compensation Board by Mr. M. Goldman, Assistant General Counsel for the Workmen’s Compensation Board”. Quite correctly, the plaintiff’s attorney stated, in his answering affidavit, that ‘ ‘ at the first hearing * * * deponent appeared to point out to the [Workmen’s *293 Compensation] Referee that a claim for funeral expenses had been filed by the plaintiff and that the claim filed by Jean Pulver [an officer of the defendant Marcy] for such expenses had been withdrawn ’ ’ since she 1 ‘ had reimbursed herself from the decedent’s estate ”, and “ [t]he plaintiff, as Administrator, therefore filed a proof of claim in the proceedings for reimbursement of the moneys.” Having participated for any purpose, the plaintiff cannot now be heard to assert that he was not a party to the proceedings. He would not have been entitled to obtain an award for reimbursement of funeral expenses had there not been the basic findings of industrial accident and compensation coverage. The record thereby shows clearly that a person having appropriate status to bring this action against the employer was before the board.
But it may be urged that the doctrine of res judicata, in its pure essence, cannot be invoked here, for, notwithstanding the language in the opposing affidavit heretofore referred to, it appears from the documents before the board that the named claimant is not the plaintiff, Sam Schnall, as administrator, but Sam Schnall individually — and technically it may therefore be contended that the parties to this action were not the same parties as those before the board. (See Hellstern v. Hellstern, 279 N. Y. 327.) Were this point made by the plaintiff, I should not necessarily agree with it, particularly keeping in mind the admission in the plaintiff’s papers and the lack of meticulous care with which the Workmen’s Compensation Board (and perhaps other administrative tribunals) may prepare documents (cf. Drier v. Randforce Amusement Corp., infra, 14 Misc 2d 362, 364). In the circumstances, a hearing to resolve that issue would be in order. But, be that as it may, I find for the defendant on broader grounds than that of the doctrine of res judicata as generally understood.
Upon the occurrence of an accident and its reaching the cognizance of the Workmen’s Compensation Board, the primary questions in the processing of the matter are, ordinarily, whether an industrial accident was involved and whether there was insurance coverage. In this situation, death occurred, and, therefore, the board is concerned, in addition to the indicated findings, if affirmative, with the making of appropriate awards to appropriate beneficiaries. The Law enumerates the classes of compensable beneficiaries (Workmen’s Compensation Law, §§ 15, 16). Those who are not compensable are not concerned with the proceedings, have no part therein, and may not in any event come before the board, save in isolated instances, none of which *294 is present here save the circumstance that did bring one of the noncompensable relatives — either individually or as administrator — before the board by reason of the fact that he had paid the funeral bill. Principally, however, noncompensables simply are not there.
In such a case, the board having found industrial accident, it is not possible for noncompensables to possess an action for wrongful death under section 130 of the Decedent Estate Law. Noncompensable relatives cannot, in such a situation, successfully institute an action to recover damages under section 130 upon the alleged fact that the death of the deceased was not caused in the course of employment but occurred outside the employment and that the accident producing the death occurred by reason of the negligence of another, who happened to be the employer. While the complaint in such an action might state a good cause of action, its maintenance would not long continue following appropriate application by the defendant based upon the record of the Compensation Board.
The conclusions here reached cannot be affected if, perchance, in a given case, there were no compensable dependents and the board, in reviewing the matter, found industrial accident and made the awards appropriate thereto. The maintenance of an action by noncompensables obviously cannot be made to depend upon the question whether there were or there were not compensable dependents to whom, upon the finding of industrial accident, award could be made. Otherwise, the entire purpose and purport of the Workmen’s Compensation Law would not only be subverted, but, in a case where there were no compensable employees, the employer would be subjected to double hazard and liability. When the employee is accidentally injured out of and in the course of his employment (§ 2, subd. 7), the Workmen’s Compensation Law is, in its totality, a complete substitution for and in lieu of the rights, remedies, obligations and liabilities existing at common law between employer and employee. Thus, if in a given case it is found that industrial accident does exist, the entire complex of common-law rights and relations falls and has no application in favor of anyone against the employer upon any theory.
Therefore, strictly speaking, it is not that the finding of industrial accident is binding upon these representatives of the estate of the deceased acting for the noncompensable dependents — that is to say, binding upon the doctrine of res judicata — but rather it is binding because, as a result of the legal effect of the Workmen’s Compensation Law and the board finding, these plaintiffs are without remedy. This finding would have been *295 binding upon the employee had he lived (Drier v. Randforce Amusement Corp., 14 Misc 2d 362, supra), and it is binding upon his estate in view of his demise.
The question tendered by this motion for summary judgment is not whether the plaintiff, by virtue of his complaint, has a cause of action, but whether, by virtue of facts and circumstances adduced through the office of the motion, the plaintiff may maintain the action. I hold that he may not, and accordingly the motion of the defendant Marcy Paper Box Go., Inc., for summary judgment in its favor is granted, and the complaint against it is' dismissed. The action is severed as against the remaining defendant. An order has been signed and entered accordingly.